UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| COMMISSIONERS OF PUBLIC WORKS OF THE CITY OF CHARLESTON (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, KIMBERLY-CLARK CORPORATION, THE PROCTER & GAMBLE COMPANY, TARGET CORPORATION, WALGREENS BOOTS ALLIANCE, INC. and WAL-MART, INC.,<br><br>     Defendants. | Civil Action No. 2:21-CV-00042<br><br>CLASS ACTION<br><br>STIPULATION OF SETTLEMENT |

Representative Plaintiff Commissioners of Public Works of the City of Charleston ("Plaintiff"), on behalf of itself and all Settlement Class Members (defined below) and Defendant Kimberly-Clark Corporation ("Kimberly-Clark" or "Defendant" and, with Plaintiff, the "Settling Parties"), hereby enter into this Stipulation of Settlement ("Stipulation"), subject to approval of the Court.

WHEREAS, Kimberly-Clark, along with affiliated entities, manufactures and sells flushable wipes in the United States under the Cottonelle brand name and previously did so under various other Kimberly-Clark brand names.

WHEREAS, On January 6, 2021, Plaintiff filed this Action, alleging common law causes of action for nuisance, trespass, strict products liability–defective design, strict products liability–failure to warn, and negligence against various defendants, including Kimberly-Clark, in connection with the defendants' manufacturing, design, marketing and/or sale of flushable wipes, which lawsuit is currently pending as *Commissioners of Public Works of the City of Charleston (D.B.A. Charleston Water System) v. Costco Wholesale Corporation, et al*., No. 2:21-cv-42-RMG (D. S.C.).  In the Action, Plaintiff seeks injunctive relief and class certification pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), on behalf of itself, as well as a nationwide class and a South Carolina class of entities that own and/or operate sewage or wastewater conveyance and treatment systems, including municipalities, authorities and wastewater districts ("STP Operators").

WHEREAS, Plaintiff alleges that the flushability-related claims made on the labeling and packaging of the wipe products sold by Kimberly-Clark are false, deceptive, or misleading.

WHEREAS, Kimberly-Clark denies that this case is suitable for class treatment other than in the context of a settlement, and denies and continues to deny any wrongdoing or legal liability for any alleged wrongdoing; does not admit or concede any actual or potential fault, wrongdoing, or legal liability in connection with any facts or claims that have been or could have been alleged by

Plaintiff; and contends that neither Plaintiff nor any of the proposed Settlement Class Members have been injured or are entitled to any relief.

WHEREAS, to avoid the costs, disruption, and distraction of further litigation, and without admitting the validity of any allegations made by Plaintiff, or any liability with respect thereto, Kimberly-Clark has concluded that it is desirable to settle the claims against it, which will be dismissed on the terms reflected in this Stipulation.

WHEREAS, Plaintiff believes the claims against Kimberly-Clark alleged in the Action have merit, but, based on the informal discovery exchanged in the Action, the knowledge of Plaintiff's counsel through previous litigation with Kimberly-Clark regarding its flushable wipes, and Plaintiff's counsel's work with consultants who have long studied flushable wipes and non-flushable wipes, Plaintiff and Plaintiff's counsel remain of the view that a settlement of the claims against Kimberly-Clark in the Action on the terms reflected in this Stipulation is fair, reasonable, adequate, and in the best interests of Plaintiff and the Settlement Class.

WHEREAS, the agreement reflected in this Stipulation was reached after protracted, arm's-length negotiations over many months;

WHEREAS, the Settling Parties recognize the tremendous time and expense that would be incurred by further litigation in this matter and the uncertainties inherent in any such litigation, and that their interests would be best served by a settlement of the litigation;

WHEREAS, this Stipulation supersedes and replaces the Term Sheet to which the Settling Parties previously agreed on March 29, 2021;

WHEREAS, until the class settlement is final (*i.e.*, approved by the district court and no longer subject to judicial review), this Stipulation and its entire contents are governed by Rule 408 of the Federal Rules of Evidence and the parallel provisions of the Evidence Codes of each of the 50 states and the District of Columbia.  Until that time, nothing in this Stipulation is binding on either

Settling Party or the Settlement Class Members, whether by way of agreement, estoppel, or reliance, except as necessary to seek approval of such binding and final class settlement. The Settling Parties further agree that neither the existence of this Stipulation nor its recitals may be cited or relied upon by any tribunal, except as concerns the approval of and compliance with this Stipulation.

NOW THEREFORE, in consideration of the promises and mutual covenants set forth herein, it is hereby STIPULATED AND AGREED, by and among the Settling Parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Fed. R. Civ. P. 23 and satisfaction of all the terms and conditions set forth herein, that the Released Claims shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms.

## I.     DEFINITIONS

1.1     "Action" means *Commissioners of Public Works of the City of Charleston v. Costco Wholesale Corporation, et al*., Case No. 2:21-CV-00042, an action pending in the United States District Court for the District of South Carolina, Charleston Division.

1.2     "Class Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and AquaLaw PLC, subject to approval by the Court.

1.3     "Complaint" means the Class Action Complaint filed against Kimberly-Clark and the Non-Settling Defendants in this Action.

1.4     "Court" means the United States District Court for the District of South Carolina, Charleston Division.

1.5     "Defendant" means Kimberly-Clark Corporation.

1.6     "Defendant's Released Claims" means any and all claims Defendant may have against Plaintiff, each and all of the Settlement Class Members, and/or Class Counsel, including those for damages or injunctive relief arising out of, relating to, or in connection with the institution,

prosecution, assertion, settlement, or resolution of the Action, including, but not limited to, Unknown Claims.

      1.7     "Defense Counsel" means the law firms of Sidley Austin LLP and Metcalfe & Atkinson, LLC.

      1.8     "Effective Date" means the date on which the Final Judgment becomes final and no longer subject to further appeal or review, whether by exhaustion of any possible appeal, writ of certiorari, lapse of time, or otherwise.

      1.9     "Fee and Expense Application" means Class Counsel's application to the Court for an award of Class Counsel's attorneys' fees and expenses in connection with the settlement of the claims against Kimberly-Clark in this Action, as well as any interest thereon.

      1.10    "Fee and Expense Award" means an order by the Court granting Class Counsel's Fee and Expense Application in whole or in part.

      1.11    "Final Approval Hearing" means the hearing at or after which the Court will consider whether or not to issue a Final Judgment.

      1.12    "Final Judgment" means the order issued by the Court finally approving the Stipulation in all material respects as fair, reasonable, and adequate under Rule 23(e)(2), and the judgment entered pursuant to that order after the Final Approval Hearing, a form of which is attached hereto as Exhibit A.

      1.13    "Non-Settling Defendants" means Defendants Costco Wholesale Corporation, CVS Health Corporation, The Procter & Gamble Company, Target Corporation, Walgreens Boots Alliance, Inc., and Wal-Mart, Inc.

      1.14    "Notice" means the notice of Settlement pursuant to Federal Rule of Civil Procedure 23(e)(1) to be disseminated as set forth in §7 below, the form of which is attached hereto as Exhibit B. The parties understand that "[u]nlike Rule 23(b)(3), Rule 23(b)(2) neither requires that absent

class members be given notice of class certification nor allows class members the opportunity to opt-out of the class action." *Thorn v. Jefferson-Pilot Life Ins.*, 445 F.3d 311, 330 & n.25 (4th Cir. 2006).

1.15    "Parties" means Plaintiff, Defendant, and Non-Settling Defendants.

1.16    "Plaintiff" means Commissioners of Public Works of the City of Charleston.

1.17    "Plaintiff's Released Claims" means any and all claims of Plaintiff and the Settlement Class Members for injunctive relief that arise from or relate to the claims and allegations in the Complaint, including Unknown Claims, and the acts, facts, omissions, or circumstances that were or could have been alleged by Plaintiff in the Action, including but not limited to all claims for injunctive relief related to any wipe products (flushable and non-flushable) currently or formerly manufactured, marketed, or sold by Kimberly-Clark or any of its affiliates.

1.18    "Preliminary Approval Order" means a Court order, providing for, among other things, preliminary approval of the Settlement.

1.19    "Product" means Kimberly-Clark's Cottonelle-branded flushable wipes manufactured in the United States, including any FreshCare or GentlePlus-branded Cottonelle flushable wipes.

1.20    "Released Parties" means the parties receiving a release, including Plaintiff, Class Counsel, Kimberly-Clark and its present, former, and future, direct and indirect, parents, subsidiaries, affiliates, assigns, divisions, predecessors, and successors, and all of their respective officers, agents, administrators, and employees, Kimberly-Clark's Counsel, and all Settlement Class Members.

1.21    "Releasing Parties" means the parties granting a release, including Plaintiff, all Settlement Class Members, and Defendant.

1.22    "Settlement" means the settlement of this Action as between Plaintiff and Defendant Kimberly-Clark as set forth in this Stipulation. Plaintiff continues to litigate this Action against the Non-Settling Defendants.

1.23    "Settlement Class" means "All STP Operators in the United States whose systems were in operation between January 6, 2018 and the date of preliminary approval."

1.24    "Settlement Class Member" means a person who falls within the definition of the Settlement Class.

1.25    "Settlement Class Period" means the period between January 6, 2018 and the date of preliminary approval.

1.26    "Settling Parties" means Plaintiff, Defendant, and all Settlement Class Members.

1.27    "Unknown Claims" means Plaintiff's Released Claims and all of Defendant's Released Claims that any of the Settling Parties or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release, which if known by him, her, or it, might have affected his, her, or its decision not to object to this Settlement or release of the Released Parties, Plaintiff, Class Counsel, or Settlement Class Members.  With respect to any and all Plaintiff's Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall, to the fullest extent permitted by law, fully, finally, and forever expressly waive and relinquish with respect to such claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

1.28    The plural of any term defined herein includes the singular, and vice versa.

## II.    SETTLEMENT TERMS

### 1.    Rule 23(b)(2) Class Certification

1.1    The Settling Parties consent to certification of the Settlement Class for the claims raised against Kimberly-Clark in this Action pursuant to Fed. R. Civ. P.  23(b)(2), for purposes of settlement only.

1.2     Kimberly-Clark does not agree to certification of the Settlement Class for any purpose other than to effectuate this Stipulation.  In the event that this Stipulation is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, this Stipulation, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Action or any other action or proceeding.

### 2.    Consideration to the Settlement Class: Injunctive Relief, and Associated Commitments by Plaintiff

2.1    In consideration for the Releases (paragraphs 3.1 and 4.1 below), Kimberly-Clark has agreed to be bound by the following permanent injunction in the Court's Final Judgment approving the Settlement of the claims made by Plaintiff and the putative Classes against Kimberly-Clark in the Action:

(a)    Product and Testing Criteria:

(i)    Kimberly-Clark commits to Plaintiff, as a representative for the Rule 23(b)(2) settlement class, that Kimberly-Clark flushable wipes manufactured in the United States do not contain plastic.

(ii)    Kimberly-Clark commits to meeting the current International Water Services Flushability Group (IWSFG) Publicly Available Specification (PAS) 3 (Disintegration

- 7 -

Test) (hereinafter, "IWSFG 2020: PAS 3") flushability specifications for its Product, consistent with usage in §1.22 above, by May 1, 2022, whereby the average percentage of the total initial dry mass of the sample (as described in IWSFG 2020: PAS 3) passing through a 25 mm sieve for the five test pieces drawn from each of four (or, at Kimberly-Clark's election, more) packages of flushable wipes (as further detailed below) after 30 minutes of testing shall be equal to or greater than 80% (at the temperature (20 degrees celsius +/- 2 degrees), volume (4 liters) and RPM (18) specified in IWSFG 2020: PAS 3).

        (iii)      Kimberly-Clark commits to certify that the Product currently meets all IWSFG 2020 specifications other than the PAS 3 disintegration test. For the disintegration test, the Settling Parties will confirm that Kimberly-Clark currently meets a modified PAS 3 specification of an average pass-through percentage of at least 70% after 30 minutes of testing, with all other parameters remaining the same.

        (iv)      Plaintiff agrees that upon the Effective Date of the Settlement, Kimberly-Clark can represent that the Product has been tested, and the data reviewed and confirmed by Plaintiff and North American technical consultants who are IWSFG members, to meet the modified PAS 3 specifications set forth in the preceding subparagraph iii. Once the Product meets the IWSFG 2020: PAS 3 specification and all other IWSFG 2020 specifications, Kimberly-Clark may represent that Product is IWSFG 2020 compliant for a period of at least five years, subject to the on-going testing requirements set forth herein, irrespective of whether IWSFG adopts heightened testing specifications.

        (v)      Plaintiff agrees that if (1) Plaintiff reaches settlements with other manufacturers, marketers, distributors, or retailers of flushable wipes that require such companies' flushable wipes to comply with specifications more lenient than IWSFG 2020: PAS 3 specifications, or that commit such companies to more lenient testing frequency and testing expense terms, or (2)

IWSFG adopts standards more lenient than IWSFG 2020: PAS 3, then Kimberly-Clark's Product needs to only meet those more lenient specifications and monitoring terms to comply with this Stipulation and the resulting Final Judgment.

      (b)     Testing Implementation/Monitoring:

      (i)     Kimberly-Clark and Plaintiff to co-promote upon submission of Stipulation for approval and upon preliminary and final approval of the Settlement, including online and in social media, that (1) the Product will soon meet the IWSFG 2020: PAS 3 flushability specifications and, (2) based upon Plaintiff's independent testing and testing by Kimberly-Clark that has been shared with Plaintiff, the Product outperforms all other U.S. marketed flushable wipes tested by the Plaintiff on the IWSFG 2020: PAS 3 disintegration specification;

      (ii)     Kimberly-Clark and Plaintiff agree to co-promote, upon submission of Stipulation for approval and upon preliminary and final approval of the Settlement, including online and in social media, educational content instructing consumers not to flush non-flushable wipes.

      (iii)     Kimberly-Clark and Plaintiff agree to engage in such co-promotion again regarding compliance with the IWSFG 2020: PAS 3 flushability specifications once Kimberly-Clark confirms that it meets the IWSFG 2020: PAS 3 flushability specifications.

      (iv)     Plaintiff agrees to cooperate with inquiries by media and other municipalities and wastewater treatment operators regarding flushability by reiterating that the Product meets the modified PAS 3 specification above and, at the appropriate time, meets the IWSFG 2020 flushability specifications.

      (v)     Kimberly-Clark will submit to and either (1) host periodic independent testing of the Product, including funding of reasonable costs for Plaintiff-selected representative(s) to participate in and conduct testing, or (2) submit the Product at its cost to a mutually acceptable lab for independent testing (Settling Parties agree in advance that Integrated Paper Services (IPS) lab is

an acceptable independent lab), beginning May 1, 2022 (or before at Kimberly-Clark's election) in accordance with agreed-to IWFSG 2020: PAS 3 testing protocols.  Testing to be conducted every four months for a period of 24 months with five test pieces drawn from each of at least four (and more at Kimberly-Clark's election) packages of the Product manufactured on or after May 1, 2022 (or such earlier manufacture date that Kimberly-Clark indicates to Plaintiff that the Product is IWSFG 2020: PAS 3-compliant) to be selected by Plaintiff from at least four different states. Kimberly-Clark to have the rights to observe testing, and, if Plaintiff's independent IWSFG: 2020 PAS 3 testing finds the Product non-compliant, to object to such result with its own data.  If Kimberly-Clark's data finds the Product compliant, and the Settling Parties cannot resolve inconsistent results, Kimberly-Clark shall submit the Product to IPS within 60 days of receipt of the conflicting results for independent testing in accordance with agreed-to IWFSG 2020: PAS 3 testing protocols.  If the Product is thereafter found non-compliant, Kimberly-Clark shall have eight weeks to regain compliance in its wipes manufacturing operations.  "Reasonable costs" noted above shall consist of reimbursement of Plaintiff's selected representative for up to eight hours of testing per testing cycle (*i.e.*, every four months) at Plaintiff representative's agreed hourly rate, and reimbursement of flight, hotel, and incidental travel expenses for Plaintiff's representative.

        (c)    Label Changes:

        (i)    Flushable wipes labeling:

        1)    Upon verification that Kimberly-Clark's Product meets the IWSFG 2020 specifications (including PAS 3), Kimberly-Clark will modify the packaging and websites for the Product to add language specifying the bases or sources for the "flushable" claim that appears on its labeling, including that the Product complies with IWSFG 2020 and INDA GD4 guidelines.

        (ii)    Non-flushable wipes labeling:

1)       Kimberly-Clark will add prominent language or illustration on its non-flushable wipes products (*e.g.*, baby wipes) identifying the non-flushable products as "nonflushable" or instructing users not to flush the non-flushable products (*e.g.*, "Do Not Flush").

2)       Kimberly-Clark agrees that all such non-flushable wipes product labeling will meet the "do not flush" labeling standards set forth in Section 3 of House Bill 2565 of Washington State, enacted March 26, 2020 ("HB2565"), except as set forth below.

3)       Kimberly-Clark agrees to exceed the standards of Section 3 of HB2565 insofar as it will include "do not flush" symbols or warnings on not only the principal display panel, but also at least two additional panels of packaging for "non-flushable" wipes products.

• Color – "Do Not Flush" symbol to have high contrast to background or otherwise be set apart from background such that the "Do Not Flush" symbol stands out clearly on the packaging as set forth in HB2565 and the circle-backslash symbol be colored red unless product packaging is red, in which case circle-backslash symbol to be colored white or black, and unless required otherwise by law, including aforementioned high contrast requirements.   For example, the following symbols provide examples of compliant contrast and verbiage:





- Kimberly-Clark revisits packaging once per year, and Plaintiff agrees that Kimberly-Clark can make any necessary modifications during next regularly scheduled packaging revision, provided the packaging continues to meet the requirements set forth herein.

- Do Not Flush Instructions – Back panel text to provide instruction, in accordance with HB2565, that baby wipes or other non-flushable wipes are not designed to be flushed and can cause harm to home plumbing, wastewater systems, and the environment if flushed, and notification that if customers wish to flush wipes, they should use Kimberly-Clark's approved flushable Products.

(d)    Product Endorsement:

(i)    For as long as Kimberly-Clark's flushable Product meets all IWSFG 2020 specifications, Plaintiff to provide its endorsement of the Product compliance with IWSFG 2020 as representative for the Rule 23(b)(2) settlement class and to solicit commitment of U.S. municipal wastewater treatment industry including principally North American-based members of IWSFG, such as NACWA, to provide acknowledgement that the Product is, in fact, flushable for municipal sewer systems according to IWSFG 2020.  Plaintiff to provide – and in March 2021 did provide – Kimberly-Clark with sample approved press release acknowledging the performance of the Product.    Plaintiff agrees that Kimberly-Clark may use such approved press release(s)/acknowledgement(s), and the content therein, in social media posts, with influencers, and on its websites.  Further details of press releases and Product-supporting outreach to be discussed between the Settling Parties, including specific plans for Plaintiff and/or IWSFG to educate class members and especially NACWA and its members on how the Product is, in fact, flushable; why the Product is superior to other flushable wipes sold in the United States (based upon testing and other

information available to Plaintiff) and non-flushable wipes; and how to address press inquiries regarding flushability issues.  Upon compliance with IWFSG 2020: PAS 3 specification and all other IWSFG 2020 specifications, Kimberly Clark, if it elects, will be permitted to state on its packaging, advertisements, and website for the Product that it is "IWSFG 2020 Compliant," and/or if it chooses, use (with any necessary permissions),[1] *e.g.*, the following symbol, as long as compliance is maintained:



In addition to the above, Kimberly-Clark shall be entitled to state in advertising, packaging, and other marketing materials that the Product meets the 2020 IWSFG flushability specifications and is subject to regular confirmation testing.

### 3.    Release by Plaintiff and the Settlement Class

3.1    Upon the Effective Date, each Settlement Class Member, as well as Plaintiff, releases and discharges Kimberly-Clark and its present, former, and future, direct and indirect, parents, subsidiaries, affiliates, assigns, divisions, predecessors, and successors, and all of their respective officers, agents, administrators, and employees, and Kimberly-Clark's Counsel, of and from all Plaintiff's Released Claims, including Unknown Claims, provided, however, that Plaintiff's Released Claims shall not include any claims to enforce the terms of this Stipulation.

---

[1]    Plaintiff will encourage IWSFG to expeditiously make its logos available for inclusion on Products that satisfy IWSFG specifications such that Kimberly-Clark may include such logos on its qualifying products.

4.      **Release by Kimberly-Clark**

4.1     On the Effective Date, Kimberly-Clark and its subsidiaries and affiliates, and all of their respective officers and employees, release and forever discharge Plaintiff, the Settlement Class Members, and Class Counsel from all claims arising from or relating to the institution, prosecution, or settlement of the claims against Kimberly-Clark, including any defenses or compulsory counterclaims Kimberly-Clark has or may have to the claims in the Complaint or Plaintiff's and the Settlement Class's settlement of the claims, except that Defendant's Released Claims shall not include any claims to enforce the terms of this Stipulation.

4.2     Subject to the order of the Court, pending determination of whether the Settlement shall receive Final Approval, Plaintiff and all Settlement Class Members are barred and enjoined from commencing, prosecuting, instigating, assisting, or in any way participating in the commencement or prosecution of any action asserting any of Plaintiff's Released Claims, either directly, representatively, derivatively, or in any other capacity, against any released person or entity.

5.      **No Admission of Liability**

5.1     This Stipulation is a compromise of disputed claims and the consideration provided for herein is not to be construed as an admission on the part of any Settling Party hereto.  Plaintiff believes its claims have substantial merit, but is agreeing to settle its claims against Kimberly-Clark only because the Settlement will provide substantial relief to the Settlement Class.  Kimberly-Clark denies any liability or wrongdoing of any kind associated with the claims alleged against it in this Action and further denies, for any purpose other than that of settling the claims against Kimberly-Clark in the Action, that the claims against it are appropriate for class treatment.  Kimberly-Clark is entering into the Settlement solely because it will eliminate the uncertainty, distraction, burden, and expense of further litigation.  Kimberly-Clark and its counsel shall not make any allegation that the Action was filed in bad faith or was frivolous, although Kimberly-Clark retains the right to allege

- 14 -

that the Action was without merit.  Plaintiff and Kimberly-Clark are settling this case voluntarily after consultation with competent legal counsel.

**6.    Payment of Class Counsel's Attorneys' Fees and Expenses**

6.1    Class Counsel will apply to the Court for separate awards of attorneys' fees and actual expenses (including the court costs), not to exceed $600,000.  If approved by the Court, Kimberly-Clark shall pay Class Counsel up to $600,000 in attorneys' fees and expenses, inclusive, as the Fee and Expense Award.

6.2    Kimberly-Clark shall pay the Fee and Expense Award to Class Counsel within 21 days of entry of the order awarding such fees and expenses.

**7.    Notice by Plaintiff to the Settlement Class Pursuant to Rule 23(e)(1)**

7.1    The Notice is designed to provide the Settlement Class with information regarding the proposed Settlement and their rights thereunder, including a description of the material terms of the Settlement; Class Counsel's Fee and Expense Application; the date of the Final Approval Hearing; and the date by which any objection by Settlement Class Members to any aspect of the Settlement and/or the Fee and Expense Award must be received.

7.2    The Notice, as approved by the Court, will be provided by email to, for example, the following entities:

**Water Environment Federation**.  https://www.wef.org/

**National Association of Clean Water Agencies**.  https://www.nacwa.org/

**National Rural Water Association**.  http://www.nrwa.org/

**National Association of Counties**.  https://www.naco.org/

**National League of Cities**.  www.nlc.org

**American Public Works Association**.  www.awwa.org

**US Water Alliance**.  http://uswateralliance.org/about/our-members

**State POTW wastewater associations**.  The Notice will be provided to State POTW wastewater associations, including:

**South Carolina** Water Quality Association.  http://www.scwqa.org/

**California** Association of Sanitation Authorities.  https://casaweb.org/

**Illinois** Association of Wastewater Agencies.  www.ilwastewater.org

**Maine** Wastewater Control Association.  www.mwwca.org

**Maryland** Association of Municipal Wastewater Agencies.  http://www.mamwa.org/

Association of **Missouri** Cleanwater Agencies.  http://www.amoca.info/

**New England** Water Works Association – www.newwa.org

**North Carolina** Water Quality Association.  http://ncwqa.com/

**New Jersey** Association of Environmental Authorities.  https://www.aeanj.org/

**Oregon** Association of Water Utilities.  https://oawu.net/

Association of **Ohio** Metropolitan Wastewater Agencies.  https://www.aomwa.org/

**Pennsylvania** Municipal Authorities Association.  https://www.municipalauthorities.org/

**Texas** Association of Clean Water Agencies.  https://www.tacwa.org/

**Virginia** Association of Municipal Wastewater Agencies.  http://www.vamwa.org/

**West Virginia** Municipal Water Quality Association.  http://wvmwqa.org/

**Wisconsin** wastewater operator's association – www.wwoa.org

7.3     The Settling Parties shall also establish a website dedicated to the Settlement, which shall include a copy of the Notice and other Settlement-related documents and which shall list all Settlement-related dates and deadlines.

7.4     The Summary Notice in the form attached hereto as Exhibit C, shall be published through a press release issued by the Settling Parties as provided in the Notice Order.

- 16 -

7.5     Within ten (10) business days of the filing of Plaintiff's motion for preliminary approval of the Settlement, notice of the proposed Settlement will be directed to the federal and state officials required to be notified by the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

**8.     Order Preliminarily Approving the Settlement; Final Fairness Hearing**

8.1     As soon as reasonably practicable after execution of this Stipulation, Class Counsel will move the Court for an order preliminarily approving the Settlement, *see* Exhibit D, and for a stay of all proceedings in the Action as to Kimberly-Clark until the Court renders a final decision on approval of the Settlement.  At the same time, Plaintiff will provide voluntary notice as detailed *supra*, §7.

8.2     The Settling Parties will ask the Court to schedule a Fairness Hearing to determine whether the Settlement should receive Final Approval, with that hearing to occur no earlier than 100 calendar days after the Court enters an order preliminarily approving the Settlement.  By no later than the dates ordered by the Court, Class Counsel will move the Court for appropriate orders approving and effectuating the Settlement, including orders:

(a)     certifying the Settlement Class for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(2) and fully and finally approving the Settlement contemplated by this Stipulation and its terms as being fair, reasonable, and adequate within the meaning of Rule 23 and directing its consummation pursuant to its terms and conditions;

(b)     directing that the Action, to the extent that it is brought against Kimberly-Clark, be dismissed with prejudice;

(c)     discharging and releasing the Released Parties from Plaintiff's Released Claims;

(d)     permanently barring and enjoining the institution and prosecution, by Plaintiff and Settlement Class Members, of any other action against the Released Parties, in any court, asserting any Plaintiff's Released Claims;

(e)     discharging and releasing Plaintiff, Class Counsel, and the Settlement Class from Defendant's Released Claims;

(f)     reserving continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the consummation and enforcement of this Stipulation;

(g)     determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing entry of a Final Judgment as to Kimberly-Clark in the Action;

(h)     granting the Fee and Expense Application; and

(i)     containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a finding that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

9.2     If, for any reason, the Settlement is not approved by the Court, is terminated, overturned, or materially modified on appeal or as a result of further proceedings on remand, or otherwise does not become effective, unless the Settling Parties shall agree otherwise, the Settling Parties shall revert to their litigation positions immediately prior to the execution of this Stipulation, without waiver of any rights, claims, or defenses; nothing in this Stipulation, the motion for preliminary approval of the Settlement, or the Term Sheet shall be cited by the Settling Parties or relied on by the Court for any purpose other than in connection with disputes concerning the Settlement.

9.3    The Settling Parties acknowledge and agree that this Stipulation memorializes the entire agreement among the Settling Parties, that they have not executed this Stipulation in reliance on any promise, representation, inducement, covenant, or warranty except as expressly set forth herein, and that this Stipulation supersedes all other prior statements or agreements, whether oral or written, to the extent any provision hereof is inconsistent with any such prior oral or written statements or agreements.

9.4    This Stipulation may not be amended except by a writing executed by all Settling Parties hereto or their respective successors-in-interest.

9.5    The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation and over any disputes arising under this Stipulation, and all Settling Parties hereby submit to the jurisdiction of the Court for such purposes.

9.6    Each Settling Party represents and warrants to all other Settling Parties that such Settling Party: (a) was represented by attorneys of the Settling Party's choosing in connection with the execution of this Stipulation; (b) has read and understood all aspects of this Stipulation and all of its effects; and (c) has executed this Stipulation as a voluntary act of the Settling Party's own free will and without any threat, force, fraud, duress, or coercion of any kind.

9.7    If any provision of this Stipulation is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Stipulation will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Settling Parties shall attempt to renegotiate the Stipulation or, if that proves unavailing, either Settling Party can terminate the Stipulation without prejudice to any Settling Party.  For purposes of this Paragraph, the Releases laid out in Paragraphs 3.1 and 4.1 are considered material to this Stipulation.

9.8     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiff and Class Counsel shall be binding upon all Settlement Class Members.

9.9     This Settlement shall be governed by and construed in accordance with the laws of the State of South Carolina, without regard to South Carolina's principles governing choice of law. The Settling Parties agree that any dispute arising out of or relating in any way to the Settlement shall not be litigated or otherwise pursued in any forum or venue other than the Court, and the Settling Parties expressly waive any right to demand a jury trial as to any such dispute.

9.10    The provisions contained in this Stipulation shall not be deemed a presumption, concession, or admission by Kimberly-Clark of any fault, liability, or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Action, or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

9.11    This Stipulation will be construed as if the Settling Parties jointly prepared it, and any uncertainty or ambiguity will not be interpreted against any one Settling Party because of the manner in which this Stipulation was drafted or prepared.

9.12    The headings used in this Stipulation are for convenience only and will not be used to construe its provisions.

9.13    The Settlement may be executed in any number of counterparts and by each of the different Settling Parties on several counterparts, each of which when so executed and delivered will

be an original. The executed signature page(s) from each counterpart may be joined together and attached and will constitute one and the same instrument.

IN WITNESS WHEREOF, the Settling Parties have executed this Stipulation effective as of the date set forth below.

DATED: April 21, 2021

AQUALAW PLC
F. PAUL CALAMITA (ID #12740)

_____
F. PAUL CALAMITA

6 South Fifth Street
Richmond, VA 23219
Telephone: 804/716-9021
804/716-9022 (fax)
paul@aqualaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
VINCENT M. SERRA
SARAH E. DELANEY
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
vserra@rgrdlaw.com
sdelaney@rgrdlaw.com

*Attorneys for Plaintiff Commissioners of Public
Works of the City of Charleston*

DATED: April 21, 2021

SIDLEY AUSTIN LLP
EAMON P. JOYCE (admitted *pro hac vice*)

787 Seventh Avenue
New York, NY  10019
212/839-5300
ejoyce@sidley.com


METCALFE & ATKINSON, LLC
Hannah Rogers Metcalfe Fed. ID # 9943
1395 S. Church Street
Greenville, South Carolina 29605
Telephone: 864-214-2319
Facsimile:  864-214-3067
hmetcalfe@malawfirmsc.com

*Attorneys for Kimberly-Clark Corporation*

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| COMMISSIONERS OF PUBLIC WORKS OF THE CITY OF CHARLESTON (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, KIMBERLY-CLARK CORPORATION, THE PROCTER & GAMBLE COMPANY, TARGET CORPORATION, WALGREENS BOOTS ALLIANCE, INC. and WAL-MART, INC., <br><br> Defendants. | Civil Action No. 2:21-CV-00042 <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL OF KIMBERLY-CLARK CORPORATION WITH PREJUDICE |

This matter is before the Court pursuant to the Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement with Kimberly-Clark Corporation ("Notice Order") dated _____, 2021, on the application of the Plaintiff, the Settlement Class and Kimberly-Clark (together "the Parties") for final approval of the Settlement set forth in the Stipulation dated April 21, 2021 ("Stipulation").  Due and adequate notice having been given to the Settlement Class as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all the Parties to the Settlement, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies for purposes of settlement only a Settlement Class defined as: "All entities that own[ed] and/or operate[d] sewage or wastewater conveyance and treatment systems, including municipalities, authorities and wastewater districts in the United States between January 6, 2018 and _____ [**the date of preliminary approval**]."

4. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses, as to Defendant Kimberly-Clark, the Action and all Plaintiff's Released Claims with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Stipulation and herein.

6.      Upon the Effective Date hereof, and as provided in the Stipulation, Plaintiff and each of the Settlement Class Members shall also be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Defendant Kimberly-Clark and its present, former, and future, direct and indirect, parents, subsidiaries, affiliates, assigns, divisions, predecessors, and successors, and all of their respective officers, agents, administrators, and employees, and Defendant Kimberly-Clark's Counsel of and from all Plaintiff's Released Claims (including, but not limited to, Unknown Claims (as defined in the Stipulation)).

7.      Upon the Effective Date hereof, and as provided in the Stipulation, Kimberly-Clark and its subsidiaries, affiliates, and all of their respective officers and employees, shall be deemed to have, and by operation of this Final Judgment, shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Settlement Class Members, and Class Counsel from all Defendants' Released Claims (including, but not limited to, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution or settlement of the Action.

8.      The Notice given to the Settlement Class in accordance with the Notice Order was appropriate under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23(e) and due process.

9.      Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any Released Person; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Person, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Any Released Person may file the Stipulation and/or this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement; (b) hearing and determining applications for attorneys' fees and expenses in the Action; and (c) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

13.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

**IT IS SO ORDERED**.

DATED: _____

_____
THE HONORABLE RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

*Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System) v. Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Procter & Gamble Company, Target Corporation, Walgreens Boots Alliance, Inc. and Wal-Mart, Inc.*
Case No. 2:21-CV-00042

United States District Court for the District of South Carolina, Charleston Division

**IF YOU ARE A SEWAGE TREATMENT SYSTEM OPERATOR IN THE UNITED STATES WHOSE SYSTEM WAS IN OPERATION BETWEEN JANUARY 6, 2018 AND _____, 2021 [THE DATE OF PRELIMINARY APPROVAL], A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*A federal court authorized this Notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

- A proposed settlement ("Settlement") has been reached in the above class action limited to claims against Defendant Kimberly-Clark Corporation ("Kimberly-Clark").  The action challenges the manufacturing, design, marketing and/or sale of multiple Defendants' flushable wipes.[1]  Kimberly-Clark denies the allegations about its flushable wipes and there has been no finding of liability against Kimberly-Clark.  Kimberly-Clark has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are a Settlement Class Member if you own[ed] and/or operate[d] sewage or wastewater conveyance and treatment systems.

- If you are a Settlement Class Member, your legal rights are affected whether you act or don't act.  Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
| --- | --- |
| **Do Nothing** | If you do nothing, then you will automatically receive benefits under this Settlement in the form of Kimberly-Clark's business modifications that are further described in this Notice. |
| **Object** | Write to the Court about why you do not like something about the Settlement or Class Counsel's requested attorneys' fees and expenses such that it is received **no later than [Objection Deadline]**. |

---

[1]    The terms of the Settlement are in the Stipulation of Settlement, dated April 21, 2021 (the "Stipulation"), which can be viewed at www.[WEBSITE].com.  All capitalized terms not defined in this Notice have the same meanings as in the Stipulation.

| | |
|---|---|
| **Attend a hearing on [Final Approval Hearing Date]** | Ask to speak in Court about your opinion of the Settlement and/or the requests for attorneys' fees and expenses.  Requests to speak must be received by the Court and counsel for the Parties **no later than _____, 2021.** |

- **There is no need to submit a claim form**.  This Settlement provides benefits in the form of business practice modifications that are further detailed on pages 5 - 8 of this Notice.  If you do nothing, then you will automatically receive the benefits of this Settlement.

- These rights and options – **and the Court-ordered deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this litigation still has to decide whether to approve the Settlement with Kimberly-Clark.

| A.   WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ................................................................................................. PAGE 4

   1. Why should I read this Notice?

   2. What is this lawsuit about?

   3. What is a class action and who is involved?

   4. Why is there a Settlement?

WHO IS IN THE SETTLEMENT CLASS? ........................................................................ PAGE 5

   5. Am I part of the Settlement Class?

THE SETTLEMENT BENEFITS ..................................................................................... PAGE 5

   6. What are the benefits of the Settlement with Kimberly-Clark?

   7. What am I giving up by not objecting to the Settlement Class?

YOUR RIGHTS AND OPTIONS ..................................................................................... PAGE 9

   8. How do I object to the Settlement or the request for attorneys' fees and expenses?

THE LAWYERS REPRESENTING YOU .......................................................................... PAGE 11

   9. Do I have a lawyer in this case?

   10. Should I get my own lawyer?

   11. How will the lawyers be paid?

THE COURT'S FINAL APPROVAL HEARING ............................................................... PAGE 11

   12. When and where will the Court decide whether to approve the Settlement with Kimberly-Clark?

   13. Do I have to come to the Final Approval Hearing?

   14. May I speak at the Final Approval Hearing?

GETTING MORE INFORMATION ................................................................................. PAGE 12

   15. How do I get more information?

BASIC INFORMATION

| 1.  Why should I read this Notice? |
| --- |

The Court authorized this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your rights and options, before the Court decides whether to approve the Settlement.

If you operate a sewage or wastewater conveyance and treatment plant, such as a municipality, authority or wastewater district in the United States whose system was in operation between January 6, 2018 and _____, 2021 [date of preliminary approval], you are part of the Settlement Class.

**This Notice explains the lawsuit, the Settlement with Kimberly-Clark, and your rights**.

The Honorable Judge Richard M. Gergel of the United States District Court for the District of South Carolina is overseeing this class action.  The lawsuit is known as *Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System) v. Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Procter & Gamble Company, Target Corporation, Walgreens Boots Alliance, Inc. and Wal-Mart, Inc.*, Case No. 2:21-CV-00042.

| 2.  What is this lawsuit about? |
| --- |

This lawsuit challenges the manufacturing, design, marketing and/or sale of flushable wipes by Defendants, including Kimberly-Clark.

| 3.  What is a class action and who is involved? |
| --- |

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Commissioners of Public Works of the City of Charleston) sue on behalf of other people who have similar claims.  The people together are a "Settlement Class" or "Settlement Class Members."  The people who sue – and all the Settlement Class Members like them – are called the "Plaintiffs."  The company or companies the Plaintiffs sue (in this case, Kimberly-Clark, among others) is or are called the "Defendant" or "Defendants."  If the court certifies (or approves) the Settlement Class, then one court can resolve the issues for everyone in the Settlement Class.

| 4.  Why is there a Settlement? |
| --- |

The Court has not decided whether Plaintiff City of Charleston or Defendant Kimberly-Clark should win this case.  Instead, both sides agreed to a settlement.  That way both sides avoid the cost and risks of trial, and Kimberly-Clark will agree to make changes to its policies and practices to benefit Settlement Class Members now rather than years from now, if at all.

More information about the Settlement and the lawsuit is available in the "Court Documents" section of the Settlement Website: www.[WEBSITE].com.

**WHO IS IN THE SETTLEMENT CLASS?**

You need to decide whether you are affected by this lawsuit.

| 5.  Am I part of the Settlement Class? |
|---|

If you own[ed] or operate[d] a sewage or wastewater conveyance and treatment system, such as a municipality, authority or wastewater district in the United States whose system was in operation between January 6, 2018 and _____, 2021 [Preliminary Approval Date], you are part of the Settlement Class.

**THE SETTLEMENT BENEFITS**

| 6.  What are the benefits of the Settlement with Kimberly-Clark? |
|---|

Kimberly-Clark has agreed to implement certain modifications to its business practices with respect to the flushable wipes Product, Kimberly-Clark's Cottonelle-branded flushable wipes manufactured in the United States, including any FreshCare or GentlePlus-branded Cottonelle flushable wipes.

        (a)      Product and Testing Criteria:

        (i)      Kimberly-Clark commits to Plaintiff, as a representative for the Rule 23(b)(2) settlement class, that Kimberly-Clark flushable wipes manufactured in the United States do not contain plastic.

        (ii)      Kimberly-Clark commits to meeting the current International Water Services Flushability Group (IWSFG) Publicly Available Specification (PAS) 3 (Disintegration Test) (hereinafter, "IWSFG 2020: PAS 3") flushability specifications for its Product, consistent with usage in §1.22 above, by May 1, 2022, whereby the average percentage of the total initial dry mass of the sample (as described in IWSFG 2020: PAS 3) passing through a 25 mm sieve for the five test pieces drawn from each of four (or, at Kimberly-Clark's election, more) packages of flushable wipes (as further detailed below) after 30 minutes of testing shall be equal to or greater than 80% (at the temperature (20 degrees celsius +/- 2 degrees), volume (4 liters) and RPM (18) specified in IWSFG 2020: PAS 3).

        (iii)      Kimberly-Clark commits to certify that the Product currently meets all IWSFG 2020 specifications other than the PAS 3 disintegration test.  For the disintegration test, the Settling Parties will confirm that Kimberly-Clark currently meets a modified PAS 3 specification of an average pass-through percentage of at least 70% after 30 minutes of testing, with all other parameters remaining the same.

        (iv)      Plaintiff agrees that upon the Effective Date of the Settlement, Kimberly-Clark can represent that the Product has been tested, and the data reviewed and confirmed by Plaintiff and North American technical consultants who are IWSFG members, to meet the modified PAS 3 specifications set forth in the preceding subparagraph iii.  Once the Product meets the IWSFG 2020: PAS 3 specification and all other IWSFG 2020 specifications, Kimberly-Clark may represent that the Product is IWSFG 2020 compliant for a period of at least five years, subject to the on-going testing requirements set forth herein, irrespective of whether IWSFG adopts heightened testing specifications.

(v)     Plaintiff agrees that if (1) Plaintiff reaches settlements with other manufacturers, marketers, distributors, or retailers of flushable wipes that require such companies' flushable wipes to comply with specifications more lenient than IWSFG 2020: PAS 3 specifications, or that commit such companies to more lenient testing frequency and testing expense terms, or (2) IWSFG adopts standards more lenient than IWSFG 2020: PAS 3, then Kimberly-Clark's Product needs to only meet those more lenient specifications and monitoring terms to comply with this Stipulation and the resulting Final Judgment.

(b)     Testing Implementation/Monitoring:

(i)     Kimberly-Clark and Plaintiff to co-promote upon submission of Stipulation for approval and upon preliminary and final approval of the Settlement, including online and in social media, that (1) the Product will soon meet the IWSFG 2020: PAS 3 flushability specifications and, (2) based upon Plaintiff's independent testing and testing by Kimberly-Clark that has been shared with Plaintiff, the Product outperforms all other U.S. marketed flushable wipes tested by the Plaintiff on the IWSFG 2020: PAS 3 disintegration specification;

(ii)     Kimberly-Clark and Plaintiff agree to co-promote, upon submission of Stipulation for approval and upon preliminary and final approval of the Settlement, including online and in social media, educational content instructing consumers not to flush non-flushable wipes.

(iii)     Kimberly-Clark and Plaintiff agree to engage in such co-promotion again regarding compliance with the IWSFG 2020: PAS 3 flushability specifications once Kimberly-Clark confirms that it meets the IWSFG 2020: PAS 3 flushability specifications.

(iv)     Plaintiff agrees to cooperate with inquiries by media and other municipalities and wastewater treatment operators regarding flushability by reiterating that the Product meets the modified PAS 3 specification above and, at the appropriate time, meets the IWSFG 2020 flushability specifications.

(v)     Kimberly-Clark will submit to and either (1) host periodic independent testing of the Product, including funding of reasonable costs for Plaintiff-selected representative(s) to participate in and conduct testing, or (2) submit the Product at its cost to a mutually acceptable lab for independent testing (Settling Parties agree in advance that Integrated Paper Services (IPS) lab is an acceptable independent lab), beginning May 1, 2022 (or before at Kimberly-Clark's election) in accordance with agreed-to IWFSG 2020: PAS 3 testing protocols.  Testing to be conducted every four months for a period of 24 months with five test pieces drawn from each of at least four (and more at Kimberly-Clark's election) packages of the Product manufactured on or after May 1, 2022 (or such earlier manufacture date that Kimberly-Clark indicates to Plaintiff that the Product is IWSFG 2020: PAS 3-compliant) to be selected by Plaintiff from at least four different states.  Kimberly-Clark to have the rights to observe testing, and, if Plaintiff's independent IWSFG: 2020 PAS 3 testing finds the Product non-compliant, to object to such result with its own data.  If Kimberly-Clark's data finds the Product compliant, and the Settling Parties cannot resolve inconsistent results, Kimberly-Clark shall submit the Product to IPS within 60 days of receipt of the conflicting results for independent testing in accordance with agreed-to IWFSG 2020: PAS 3 testing protocols.  If the Product is thereafter found non-compliant, Kimberly-Clark shall have eight weeks to regain compliance in its wipes manufacturing operations. "Reasonable costs" noted above shall consist of reimbursement of Plaintiff's selected representative for up to eight hours of testing per testing cycle (*i.e.*, every four months) at Plaintiff representative's agreed

hourly rate, and reimbursement of flight, hotel, and incidental travel expenses for Plaintiff's representative.

      (c)     Label Changes:

          (i)     Flushable wipes labeling:

             1)     Upon verification that Kimberly-Clark's Product meets the IWSFG 2020 specifications (including PAS 3), Kimberly-Clark will modify the packaging and websites for the Product to add language specifying the bases or sources for the "flushable" claim that appears on its labeling, including that the Product complies with IWSFG 2020 and INDA GD4 guidelines.

          (ii)     Non-flushable wipes labeling:

             1)     Kimberly-Clark will add prominent language or illustration on its non-flushable wipes products (*e.g.*, baby wipes) identifying the non-flushable products as "nonflushable" or instructing users not to flush the non-flushable products (*e.g.*, "Do Not Flush").

             2)     Kimberly-Clark agrees that all such non-flushable wipes product labeling will meet the "do not flush" labeling standards set forth in Section 3 of House Bill 2565 of Washington State, enacted March 26, 2020 ("HB2565"), except as set forth below.

             3)     Kimberly-Clark agrees to exceed the standards of Section 3 of HB2565 insofar as it will include "do not flush" symbols or warnings on not only the principal display panel, but also at least two additional panels of packaging for "non-flushable" wipes products.

      •     Color – "Do Not Flush" symbol to have high contrast to background or otherwise be set apart from background such that the "Do Not Flush" symbol stands out clearly on the packaging as set forth in HB2565 and the circle-backslash symbol be colored red unless product packaging is red, in which case circle-backslash symbol to be colored white or black, and unless required otherwise by law, including aforementioned high contrast requirements.  For example, the following symbols provide examples of compliant contrast and verbiage:

 

      •     Kimberly-Clark revisits packaging once per year, and Plaintiff agrees that Kimberly-Clark can make any necessary modifications during next regularly scheduled packaging revision, provided the packaging continues to meet the requirements set forth herein.

      •     Do Not Flush Instructions – Back panel text to provide instruction, in accordance with HB2565, that baby wipes or other non-flushable wipes

are not designed to be flushed and can cause harm to home plumbing, wastewater systems, and the environment if flushed, and notification that if customers wish to flush wipes, they should use Kimberly-Clark's approved flushable Products.

(d)    Product Endorsement:

(i)    For as long as Kimberly-Clark's flushable Product meets all IWSFG 2020 specifications, Plaintiff to provide its endorsement of Product compliance with IWSFG 2020 as representative for the Rule 23(b)(2) settlement class and to solicit commitment of U.S. municipal wastewater treatment industry including principally North American-based members of IWSFG, such as NACWA, to provide acknowledgement that the Product is, in fact, flushable for municipal sewer systems according to IWSFG 2020.  Plaintiff to provide – and in March 2021 did provide – Kimberly-Clark with sample approved press release acknowledging the performance of the Product.  Plaintiff agrees that Kimberly-Clark may use such approved press release(s)/acknowledgement(s), and the content therein, in social media posts, with influencers, and on its websites.  Further details of press releases and Product-supporting outreach to be discussed between the Settling Parties, including specific plans for Plaintiff and/or IWSFG to educate class members and especially NACWA and its members on how the Product is, in fact, flushable; why the Product is superior to other flushable wipes sold in the United States (based upon testing and other information available to Plaintiff) and non-flushable wipes; and how to address press inquiries regarding flushability issues.  Upon compliance with IWFSG 2020: PAS 3 specification and all other IWSFG 2020 specifications, Kimberly-Clark, if it elects, will be permitted to state on its packaging, advertisements, and website for Product that it is "IWSFG 2020 Compliant," and/or if it chooses, use (with any necessary permissions),[2] *e.g.*, the following symbol, as long as compliance is maintained:



In addition to the above, Kimberly-Clark shall be entitled to state in advertising, packaging, and other marketing materials that the Product meets the 2020 IWSFG flushability specifications and is subject to regular confirmation testing.

---

**7.    What am I giving up by not objecting to the Settlement Class?**

As a Settlement Class Member, you cannot sue, continue to sue, or be part of any other lawsuit against

---

[2]    Plaintiff will encourage IWSFG to expeditiously make its logos available for inclusion on Products that satisfy IWSFG specifications such that Kimberly-Clark may include such logos on its qualifying products.

Defendants or the Released Parties about the Plaintiff's Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If the Settlement is approved, you will give up all claims (as defined below), including "Unknown Claims" (as defined below), against the "Released Parties" (as defined below):

- "Plaintiff's Released Claims" means any and all claims of Plaintiff and the Settlement Class Members for injunctive relief that arise from or relate to the claims and allegations in the Complaint, including Unknown Claims, and the acts, facts, omissions, or circumstances that were or could have been alleged by Plaintiff in the Action, including but not limited to all claims for injunctive relief related to any wipe products (flushable and non-flushable) currently or formerly manufactured, marketed, or sold by Kimberly-Clark or any of its affiliates.

- "Released Parties" means the parties receiving a release, including Plaintiff, Class Counsel, Kimberly-Clark and its present, former, and future, direct and indirect, parents, subsidiaries, affiliates, assigns, divisions, predecessors, and successors, and all of their respective officers, agents, administrators, and employees, Kimberly-Clark's Counsel, and all Settlement Class Members.

- "Unknown Claims" means Plaintiff's Released Claims and all of Defendant's Released Claims that any of the Settling Parties or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release, which if known by him, her, or it, might have affected his, her, or its decision not to object to, or opt-out of, this Settlement or release of the Released Parties, Plaintiff, Class Counsel, or Settlement Class Members. With respect to any and all Plaintiff's Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall, to the fullest extent permitted by law, fully, finally, and forever expressly waive and relinquish with respect to such claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

## YOUR RIGHTS AND OPTIONS

| 8. How do I object to the Settlement or to the request for attorneys' fees and expenses? |
| --- |

You can object to the Settlement and/or Class Counsel's request for attorneys' fees and expenses.

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no benefits in the form of modifications of Kimberly-Clark's business practices will be made, and the litigation will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections must contain the following:

- the name and case number of this lawsuit (*Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System) v. Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Procter & Gamble Company, Target Corporation, Walgreens Boots Alliance, Inc. and Wal-Mart, Inc.*, Case No. 2:21-CV-00042);

- your full name, mailing address, email address, and telephone number;

- an explanation of why you believe you are a Settlement Class Member, including documents sufficient to establish the basis for your standing as a Settlement Class Member;

- all reasons for your objection or comment, including all citations to legal authority and evidence supporting the objection;

- whether you intend to personally appear and/or testify at the Final Approval Hearing (either personally or through counsel), and what witnesses you will ask to speak;

- the name and contact information of any and all attorneys representing, advising, and/or assisting you, including any counsel who may be entitled to compensation for any reason related to your objection or comment, who must enter an appearance with the Court in accordance with the Local Rules;

- the name and case number of all class action settlements to which you have objected; and

- your handwritten or electronically imaged signature (an attorney's signature or typed signature is not sufficient).

To be considered by the Court, your objection must be received by the Court either by mailing it to the Class Action Clerk, United States District Court for the District of South California, Charleston Division, J. Waties Waring Judicial Center, 83 Meeting Street, Charleston, South Carolina 29401, or by filing it in person at any location of the United States District Court for the District of South Carolina.

**To be considered, your objection must be received on or before the [objection deadline].**

### THE LAWYERS REPRESENTING YOU

| 9.  Do I have a lawyer in this case? |
|---|

The Court decided that the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and AquaLaw PLC are qualified to represent you and all Settlement Class Members. These firms are called "Class Counsel" and are experienced in handling similar class action cases.  More information about Robbins Geller and AquaLaw are available at www.rgrdlaw.com and www.aqualaw.com, respectively.

Class Counsel believe, after investigating and litigating the case for several years, that the Stipulation is fair, reasonable, and in the best interests of the Settlement Class.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer in this case, you may hire one at your expense.

| 10. Should I get my own lawyer? |
|---|

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But if you want your own lawyer, you will have to pay for that lawyer.  For example, you can ask him or her to appear in court for you if you want someone other than Class Counsel to speak for you.

| 11. How will the lawyers be paid? |
|---|

Class Counsel's attorneys' fees and expenses will be paid in an amount to be determined and awarded by the Court.  Kimberly-Clark has also agreed to pay reasonable attorneys' fees and expenses.

Class Counsel will ask the Court to approve attorneys' fees and expenses from Kimberly-Clark of no more than $600,000.

The final amount of attorneys' fees and expenses will be determined by the Court.

Class Counsel's application for an award of attorneys' fees and expenses will be made available on the "Court Documents" page of the Settlement Website at www.[**WEBSITE**].com on the date it is filed or as quickly thereafter as possible.

### THE COURT'S FINAL APPROVAL HEARING

| 12. When and where will the Court decide whether to approve the Settlement with Kimberly-Clark? |
|---|

The Court is scheduled to hold the Final Approval Hearing on _____, 2021 at __.m. in Courtroom __ of the United States District Court for the District of South Carolina, Charleston Division, J. Waties Waring Judicial Center, 83 Meeting Street, Charleston, South Carolina 29401.  The hearing may be rescheduled to a different date, time, or location without another notice to Settlement Class Members. Especially given the national health emergency, the date, time, or location of the hearing may be subject to change, as will the manner in which Settlement Class Members might appear at the hearing.  Please review the Settlement Website for any updated information regarding the hearing.

At the Final Approval Hearing, the Court will consider whether the Settlement with Kimberly-Clark is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may listen to people who appear at the hearing and who have provided notice of their intent to appear at the hearing.  The Court may also consider Class Counsel's application for attorneys' fees and expenses.

---

### 13. Do I have to come to the Final Approval Hearing?

---

No.  Class Counsel will answer any questions the Court may have.  You may attend at your own expense if you wish.  If you submit a written objection, you do not have to come to the Court to talk about it.  As long as you submit your written objection on time, and follow the requirements above, the Court will consider it.  You may also pay your own attorney to attend, but it is not required.

---

### 14. May I speak at the Final Approval Hearing?

---

Yes.  You may ask the Court for permission to speak at the Final Approval Hearing.  At the hearing, the Court, in its discretion, will hear any objections and arguments concerning the fairness of the Settlement and/or Class Counsel's request for attorneys' fees and expenses.

To do so, you must include in your objection or comment a statement saying that it is your Notice of Intent to Appear in *Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System) v. Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Procter & Gamble Company, Target Corporation, Walgreens Boots Alliance, Inc. and Wal-Mart, Inc.*, Case No. 2:21-CV-00042 (D.S.C.).  It must include your name, address, email, telephone number, and signature as well as the name and address of your lawyer, if one is appearing for you.  Your submission and Notice of Intent to Appear must be filed with the Court and be received **no later than [objection deadline]**.

**GETTING MORE INFORMATION**

---

### 15. How do I get more information?

---

This Notice summarizes the proposed Settlement.  For precise terms and conditions of the Settlement, please see the Stipulation available at www.[WEBSITE].com, by contacting Class Counsel at (___) ___-____, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.scd.uscourts.gov/cgi-bin/login.pl, or by visiting the office of the Clerk of Court for the United States District Court for the District of South Carolina, Charleston Division, J. Waties Waring Judicial Center, 83 Meeting Street, Charleston, South Carolina 29401, between 9:00 a.m. to 4:00 p.m., Monday through Friday, excluding holidays.

**PLEASE DO NOT TELEPHONE OR WRITE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**All questions regarding the Class Settlement or claims process should be directed to Class Counsel.**

DATED: _____, 2021

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

_____
THE HONORABLE RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

*Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System)*
*v. Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation,*
*The Procter & Gamble Company, Target Corporation, Walgreens Boots Alliance, Inc.*
*and Wal-Mart, Inc.*
Case No. 2:21-CV-00042

United States District Court for the District of South Carolina, Charleston Division

**IF YOU ARE A SEWAGE TREATMENT SYSTEM OPERATOR IN THE UNITED STATES WHOSE SYSTEM WAS IN OPERATION BETWEEN JANUARY 6, 2018 AND _____, 2021 [THE DATE OF PRELIMINARY APPROVAL], A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*A federal court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A proposed settlement ("Settlement") has been reached in the above class action with Defendant Kimberly-Clark Corporation ("Kimberly-Clark") limited to claims against Kimberly-Clark. The action challenges the manufacturing, design, marketing and/or sale of multiple Defendants' flushable wipes.[1] Kimberly-Clark denies the allegations about its flushable wipes and there has been no finding of liability against Kimberly-Clark. Kimberly-Clark has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

## WHO IS IN THE SETTLEMENT CLASS?

If you own[ed] or operate[d] a sewage or wastewater conveyance and treatment plant, such as a municipality, authority or wastewater district in the United States whose system was in operation between January 6, 2018 and _____, 2021 [Preliminary Approval Date], you are part of the Settlement Class.

The Court-certified Settlement Class is defined as "All STP (Sewage Treatment Plant) Operators in the United States whose systems were in operation between January 6, 2018 and the date of preliminary approval."

## WHAT DOES THE SETTLEMENT WITH KIMBERLY-CLARK PROVIDE?

Kimberly-Clark has agreed to implement certain modifications to its business practices and the Settling Parties have made certain representations and commitments with respect to the flushable wipes Product, Kimberly-Clark's Cottonelle-branded flushable wipes manufactured in the United States, including any FreshCare or GentlePlus-branded Cottonelle flushable wipes. The details of these business practice modifications are set

---

[1] The terms of the Settlement are in the Stipulation of Settlement, dated April __, 2021 (the "Stipulation"), which can be viewed at www.[WEBSITE].com. All capitalized terms not defined in this Notice have the same meanings as in the Stipulation.

forth in the Notice which is located at www.[**WEBSITE**].com.

## YOUR RIGHTS AND OPTIONS

**Do Nothing**

By doing nothing, you will receive the benefits of the Settlement with Kimberly-Clark in the form of business practice modifications described in the Notice.  You will automatically receive the benefits of this Settlement.

**Object to the Settlement or the request for attorneys' fees and expenses.**

You can object to the Settlement and/or Class Counsel's request for attorneys' fees and expenses of up to $600,000.

**Should I Hire An Attorney?**

You do not need to hire your own attorney because Class Counsel is working on your behalf. If you retain an individual attorney, you will need to pay for that attorney.

**Final Approval Hearing**

The Court will hold the Final Approval Hearing on _____, 2021, at ___.m. at the United States District Court for the District of South California, Charleston Division, J. Waties Waring Judicial Center, 83 Meeting Street, Charleston, South Carolina 29401.  You can go to this hearing, but you do not have to.  The Court will hear any objections, determine if the Settlement with Kimberly-Clark is fair, and consider Class Counsel's request for attorneys' fees and expenses.  Class Counsel's request for fees and expenses will be posted on the Settlement Website after they are filed.

## HOW DO I GET MORE INFORMATION?

**This Notice is only a summary.**  For more information, including the Stipulation and other legal documents, visit www.[**WEBSITE**].com.

**PLEASE DO NOT CALL OR WRITE THE COURT FOR INFORMATION OR ADVICE.**

# EXHIBIT D

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| COMMISSIONERS OF PUBLIC WORKS OF THE CITY OF CHARLESTON (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, KIMBERLY-CLARK CORPORATION, THE PROCTER & GAMBLE COMPANY, TARGET CORPORATION, WALGREENS BOOTS ALLIANCE, INC. and WAL-MART, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:21-CV-00042<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). Plaintiff, individually and on behalf of the proposed Settlement Class, and Defendant Kimberly-Clark Corporation ("Kimberly-Clark") have entered into a Stipulation of Settlement ("Stipulation") to resolve the above-captioned litigation as to Defendant Kimberly-Clark only ("Settlement"). Having considered the Motion, the Stipulation together with all exhibits and attachments thereto, the record, and the briefs in this matter, IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Stipulation.

2.      The Court has jurisdiction over this Action, as well as Plaintiff, Settlement Class Members and Kimberly-Clark (together "the Parties").

## PRELIMINARY APPROVAL

3.      On April __, 2021, Plaintiff filed its Motion pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties' Stipulation and exhibits thereto, as well as declarations of Plaintiff's counsel, all in support of the Motion.

4.      The Court has reviewed the terms of the proposed Stipulation, the exhibits thereto, Plaintiff's Motion and Memorandum of Law in Support of the Motion, and the declaration of Plaintiff's counsel.

5.      Based on its review of these filings, the Court finds that the Stipulation is the result of considerable, informed, arm's-length negotiations conducted between counsel.

6.      The Court further finds: (a) the terms of the Stipulation do not improperly grant preferential treatment to any individual or segment of the Settlement Class; and (b) the terms of the Stipulation appear to be fair, reasonable, and adequate.

7.     The Court therefore GRANTS preliminary approval of the Stipulation and all of the terms and conditions contained therein, and directs that Notice of settlement pursuant to Federal Rule of Civil Procedure 23(e)(1) be disseminated in the form and manner prescribed below.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

8.     Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All entities that own[ed] and/or operate[d] sewage or wastewater conveyance and treatment systems, including municipalities, authorities and wastewater districts in the United States between January 6, 2018 and the date of preliminary approval.

9.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a): (a) the Settlement Class is comprised of thousands of members; (b) there are questions of law or fact common to the Settlement Class; (c) Plaintiff's claims are typical of those of Settlement Class Members; and (d) Plaintiff and its counsel will fairly and adequately protect, and have adequately protected, the interests of the Settlement Class.

10.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(2): Kimberly-Clark allegedly has acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

11.     The Court hereby appoints Plaintiff Commissioners of Public Works of the City of Charleston as Class representative.

12.     The Court hereby appoints Robbins Geller Rudman & Dowd LLP and AquaLaw PLC as Class Counsel.

## NOTICE

13.     The Court approves the form of the settlement Notice attached to the Stipulation as Exhibit B, and finds that it satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1).

The Notice, as well as the plan for dissemination of the same, are reasonably calculated to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Stipulation, the right of Settlement Class Members to object to the Stipulation, including the terms of the  Settlement, Class Counsel's application for an award of attorneys' fees and expenses, and of the Final Approval Hearing.

14.     The Court therefore approves the Notice and directs the Parties to proceed with disseminating Notice pursuant to the terms of the Stipulation and this Order.

15.     The Notice, as directed by the terms of the Stipulation, shall be emailed no more than 20 calendar days after entry of this Order ("Notice Date"), and a website dedicated to the Settlement which contains the Notice and other Settlement-related documents, deadlines and information shall be activated no later than the Notice Date.

16.     The Court further approves the form of the Summary Notice, attached to the Stipulation as Exhibit C.  The Summary Notice shall be disseminated through a press release issued by the Settling Parties no more than 10 calendar days after the entry of the Notice Date.

**OBJECTIONS**

17.     Settlement Class Members who wish to object to the Stipulation may do so only by submitting a written objection to the Court with a copy to the Settling Parties' counsel in accordance with the procedures outlined in the Notice no later than _____, 2021 (a date that is 21 calendar days prior to the Final Approval Hearing).

18.     Any Settlement Class Member who does not timely submit a written objection in accordance with the procedures outlined in the Notice shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Stipulation and/or the Final Order and Judgment by appeal or other means.

## FINAL APPROVAL HEARING

19.    The Court will hold a Final Approval Hearing on _____, 2021 at __:__ a.m./p.m. in Courtroom ___ at the United States District Court for the District of South Carolina, Charleston Division, J. Waties Waring Judicial Center, 83 Meeting Street, Charleston, South Carolina 29401.

20.    At the Final Approval Hearing, the Court will consider whether: (a) the Stipulation is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; and (d) Class Counsel's motion for an award of attorneys' fees and expenses should be granted.

21.    The Court reserves the right to continue the date of the Final Approval Hearing or to hold it telephonically and/or by video conference without further direct notice to Settlement Class Members.

## DEADLINES, INJUNCTIONS, AND TERMINATION

22.    All proceedings, deadlines, and discovery in this matter, except those necessary to implement this Order and the Stipulation, are hereby stayed and suspended until further order of the Court.

23.    In the event that the Stipulation is terminated pursuant to the terms of the Stipulation: (a) the Stipulation and this Order shall become void, shall have no further force or effect, and shall not be used in any action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Stipulation that survive termination; (b) this matter will revert to the status that existed before execution of the Stipulation; and (c) no term or draft of the Stipulation or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Stipulation) shall: (i) be admissible into evidence for any purpose in any action or other proceeding other than as may be necessary to enforce the terms of

the Stipulation that survive termination; (ii) be deemed an admission or concession by any Party

including regarding the validity of any Released Claim or the propriety of certifying any class

against Kimberly-Clark; or (iii) be deemed an admission or concession by any Party including

regarding the truth or falsity of any facts alleged in the Action or the availability or lack of

availability of any defense to Plaintiff's Released Claims.

24.    The dates of performance contained herein may be extended by order of the Court, for

good cause shown, without further direct notice to the Settlement Class.

## SUMMARY OF DEADLINES

25.    The preliminarily approved Settlement shall be administered according to its terms

pending the Final Approval Hearing.  Deadlines arising under the Stipulation and this Order include,

but are not limited to:

| | |
|---|---|
| Notice of Settlement disseminated | 20 calendar days after Order Directing Notice |
| Plaintiff to file motion for final approval and motion for award of attorneys' fees and expenses | No later than 35 calendar days before Final Approval Hearing |
| Last day for objections to be received | No later than 21 calendar days before Final Approval Hearing |
| Plaintiff to file any reply to any objection to the Settlement or Class Counsel's fee and expense request | No later than 7 calendar days before Final Approval Hearing |
| Final Approval Hearing | At least 100 calendar days from the Order Directing Notice of Settlement |

**IT IS SO ORDERED**.

DATED:  _____        _____
                                   THE HONORABLE RICHARD M. GERGEL
                                   UNITED STATES DISTRICT JUDGE