UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| COMMISSIONERS OF PUBLIC WORKS OF THE CITY OF CHARLESTON (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, KIMBERLY-CLARK CORPORATION, THE PROCTER & GAMBLE COMPANY, TARGET CORPORATION, WALGREENS BOOTS ALLIANCE, INC. and WAL-MART, INC.,<br><br>        Defendants. | Civil Action No. 2:21-cv-00042-RMG<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE 12(B)(2) |

Plaintiff, the Commissioners of Public Works of the City of Charleston (d.b.a. "Charleston Water System") ("Plaintiff"), respectfully submits this memorandum of law in opposition to Walgreens Boots Alliance, Inc.'s ("Walgreens") Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF No. 42; "Def. Mtn.").[1]

**I.     INTRODUCTION**

Walgreens submits an additional motion to dismiss the Complaint based solely on the argument that the Court lacks personal jurisdiction over Walgreens under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Specifically, Walgreens argues that it does not have sufficient "minimum contacts" with South Carolina to satisfy constitutional requirements for personal jurisdiction because its subsidiary, Walgreen Co., "operates the stores in the greater Charleston, South Carolina area that sell the flushable wipes alleged to be at issue in this case[,]" thus leaving no basis for personal jurisdiction over Walgreens. *See* Def. Mtn. at 2-4.

As a preliminary matter, despite Walgreens' argument that the Court may "consider evidence outside of the pleadings . . . in ruling on a motion to dismiss for lack of personal jurisdiction," *see* Def. Mtn. at 2 (citing Affidavit of Joseph B. Amsbary, Jr.), Walgreens has not filed its cited affidavit with the Court. Thus, the Court need not consider any arguments in Walgreens' motion relying on the affidavit.[2] Further, Walgreens's status as a non-resident parent corporation does not bar personal jurisdiction, as an "agent's actions may be attributed to the principal, for purposes of personal

---

[1] "Complaint" refers to Plaintiff's Class Action Complaint, ECF No. 1. References to "¶" and "¶¶" refer to the Complaint. "Flushable Wipes" refers to moist wipe products marketed and labeled as safe to flush, safe for plumbing, safe for sewer and/or septic systems, and/or biodegradable. ¶1. All references to "Ex.__" are to exhibits attached to the Declaration of F. Paul Calamita ("Calamita Decl."), submitted herewith. Citations are omitted and emphasis is added throughout unless otherwise noted.

[2] To the extent Walgreens attempts to file Mr. Amsbary's affidavit in connection with its reply or otherwise in response to this opposition, the Court should exclude it as untimely. *See B & J Enters., Ltd. v. Giordano*, 329 F. App'x 411, 415 (4th Cir. 2009) (affirming exclusion of letters and affidavits from summary judgment record as untimely and finding the "[district] court was within its discretion in striking the Affidavits").

jurisdiction, if the principal later ratifies the agent's conduct." *See Rowe v. AT & T, Inc.*, No. 6:13-cv-01206-GRA, 2014 WL 172510, at *6 (D.S.C. Jan. 15, 2014). Walgreens has clearly and continuously ratified the conduct at issue in this action regarding the marketing, manufacturing, distribution and sale of Flushable Wipes, and is thus subject to the Court's jurisdiction. Moreover, given that Walgreens and Walgreens Co. promote themselves as "one solidified business," Walgreens has subjected itself to the Court's jurisdiction under South Carolina law as a result of the South Carolina-based activities of Walgreens Co.

For these reasons and the additional reasons set forth below, the Court should deny Walgreens' motion.

## II.     ARGUMENT

### A.     Legal Standard

"[F]or the purposes of a Rule 12(b)(2) motion, the Court will accept the Plaintiff's version of disputed facts." *Precept Med. Prods., Inc. v. Klus*, 282 F. Supp. 2d 381, 385 (W.D.N.C. 2003). With respect to personal jurisdiction, due process requires that there exist minimum contacts between the defendant and the forum state such that: (i) the defendant could reasonably anticipate being haled into court there; and (2) maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985). Physical presence is not required to establish personal jurisdiction, and where physical presence cannot be established, the dispositive issue becomes whether the defendant possesses minimum contacts with the state. *State v. NV Sumatra Tobacco Trading, Co.*, 379 S.C. 81, 90 (2008) (exercising personal jurisdiction over foreign corporation).

Courts may attribute the actions of a subsidiary to a parent corporation for the purposes of personal jurisdiction, however, by "showing other facts beyond the subsidiary's mere presence in the corporate family." *Rowe*, 2014 WL 172510, at *6. For example, personal jurisdiction is warranted

"where the parent corporation exerts significant control over the activities of the subsidiary." *Id.* (citing *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993)). In addition, an "agent's actions may be attributed to the principal, for purposes of personal jurisdiction, if the principal later ratifies the agent's conduct." *Id.* (citing *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004)). And where a parent and subsidiary promote themselves as "one solidified business," the parent may subject itself to the Court's jurisdiction pursuant to South Carolina law as a result of the South Carolina-based activities of the subsidiary. *Rowe*, 2014 WL 172510, at *6.

### B.     The Court Has Personal Jurisdiction Over Walgreens

#### 1.     Walgreens Has Ratified the Conduct at Issue in This Action

In *Rowe*, the court exercised personal jurisdiction over a non-resident parent corporation where it was "aware of the ETFs [early termination fees] and consumer complaints and did not stop this practice" and where public filings and financial statements indicated that the parent and subsidiaries were promoted "as one solidified business." *Id.* The same analysis is applicable here. Walgreens has undoubtedly been aware of the basis of Plaintiff's allegations for some time given the countless articles in major news outlets long before the beginning of the putative class period and continuing through the filing of the Complaint.[3] Additionally, Flushable Wipes-related lawsuits have been ongoing since 2014, *see Kurtz v. Kimberly-Clark Corp.*, No. 1:14-cv-1142 (E.D.N.Y.), and have concerned substantially similar allegations to those at issue in this action and involved products such as Kandoo and other Flushable Wipes that Walgreens sells both in-store and online.[4] Indeed, Walgreens itself has been named as a defendant in at least one other flushable wipes-related

---

[3] *See, e.g.*, ¶¶59-92 (citing articles).

[4] *Cf. Class Action Settlement Reached Involving Kandoo Flushable Wipes*, PRNEWSIRE (Dec. 23, 2016), https://www.prnewswire.com/news-releases/class-action-settlement-reached-involving-kandoo-flushable-wipes-300381804.html (discussing settlement involving Kandoo Flushable Wipes) *with* https://www.walgreens.com/store/c/kandoo-flushable-cleansing-wipes-unscented/ID=prod6220439-product (displaying Kandoo Flushable Wipes for sale on Walgreens' website) (last visited May 13, 2021).

lawsuit – *as **Wallgreens Boots Alliance, Inc.*** – and did not seek dismissal based on personal jurisdiction despite that action being filed in New York, which is neither Walgreens' state of incorporation (Delaware) nor its headquarters (Illinois).  *See Pres. at Connetquot Homeowners Ass'n, Inc. v. Costco Wholesale Corp.*, No. 17-cv-7050 (JFB)(AYS), 2019 WL 337093 (E.D.N.Y. Jan. 28, 2019).

     Despite its awareness of these complaints and lawsuits, and Walgreens' recent submission to personal jurisdiction in nearly identical circumstances, Walgreens has allowed Walgreen Co. to continue to market and sell Flushable Wipes, while promoting Walgreen Co. as an extension of its own business.  For example, Walgreens states on its website that "[o]ur Retail Pharmacy USA division's principal retail pharmacy brands are Walgreens and Duane Reade."[5]  Walgreens further states that its own division "operates 9,021 drugstores in 50 states, the District of Columbia, Puerto Rico and the U.S. Virgin Islands," and that "[w]e sell prescription and non-prescription drugs, as well as general merchandise, including household items, convenience and fresh foods, personal care, beauty care, photofinishing and candy."  *Id.*  Additionally, as in *Rowe*, Walgreens and Walgreen Co. prepared consolidated financial statements and quarterly and annual SEC filings repeatedly referring to or defining the company as "Walgreens Boots Alliance, Inc. and its Subsidiaries."[6]  Accordingly, because the record promotes Walgreens Boots Alliance, Inc. and Walgreens Co. "as one solidified

---

[5] *See* Ex. 1.

[6] *See generally, e.g.*, Ex. 2; *cf*. ¶17 ("Together with its subsidiaries, Walgreens operates a network of drugstores in the United States.").  Walgreens' most recent Annual Report and Form 10-K describe Walgreens Boots Alliance, Inc. as the "successor" to Walgreens Co. pursuant to a 2014 merger whereby Walgreens Co. was reorganized into a holding company structure in which Walgreens Boots Alliance, Inc. serves as the parent holding company.  *See* Ex. 3 at Table of Contents.  References to the "Company," and "we," contained in the Form 10-K, refer to "Walgreens Boots Alliance, Inc. and its subsidiaries."  *Id.*

business," Walgreens is subject to the Court's jurisdiction as a result of the South Carolina-based activities of Walgreens Co. *Rowe*, 2014 WL 172510, at *6.[7]

As a result, Walgreens has clearly and publicly expressed its oversight of all Walgreens stores throughout the country and cannot plausibly argue that it has not ratified the design, marketing, manufacturing, distribution, and/or sale of the Flushable Wipes at issue in this action.

## III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Walgreens' motion. In the alternative, Plaintiff requests jurisdictional discovery regarding Walgreens' involvement in the design, marketing, manufacturing, distribution, and sale of Flushable Wipes. *See Madden v. Petland Summerville, LLC*, No. 2:20-cv-02953-DCN, 2021 WL 288370, at *6 (D.S.C. Jan. 28, 2021) (granting limited jurisdictional discovery, reasoning that "[w]hen the [p]laintiff's claim does not appear frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the [p]laintiff in discharging the burden of establishing the court's jurisdiction").[8]

DATED: May 17, 2021

Respectfully submitted,

AQUALAW PLC
F. PAUL CALAMITA (ID #12740)

*/s/ F. Paul Calamita*
F. PAUL CALAMITA

---

[7] Walgreens' cited cases suggesting that specific jurisdiction does not exist because it has not purposefully availed itself of the privilege of conducting activities within South Carolina (Def. Mtn. at 4) are thus inapposite.

[8] Should the Court grant Walgreens' motion, Plaintiff requests the opportunity to amend the Complaint in order to comply with the Court's jurisdictional findings. Any such amendment may relate back to the filing of the Complaint pursuant to the relation-back rule. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 473-74 (4th Cir. 2007) (wholly owned subsidiary had fair notice that it was intended target of breach-of-contract suit against its parent, such that its addition as party defendant by amended pleading related back to filing of original complaint).

6 South Fifth Street
Richmond, VA 23219
Telephone: 804/716-9021
804/716-9022 (fax)
paul@aqualaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
VINCENT M. SERRA (admitted *pro hac vice*)
SARAH E. DELANEY
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
vserra@rgrdlaw.com
sdelaney@rgrdlaw.com

*Attorneys for Plaintiff*

- 6 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 17, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ F. Paul Calamita*
F. PAUL CALAMITA

AQUALAW PLC
F. PAUL CALAMITA (ID #12740)
6 South Fifth Street
Richmond, VA  23219
Telephone:  804/716-9021
804/716-9022 (fax)
paul@aqualaw.com