# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Commissioners of Public Works of the City of Charleston (d/b/a Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>                                          Plaintiffs,<br><br>-versus-<br><br>Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Procter & Gamble Company, Target Corporation, Walgreens Boots Alliance, Inc. And Wal-Mart, Inc.<br><br>                                          Defendants. | Civil Action No. **2:21-cv-42-RMG** |

## DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

     Defendants Costco Wholesale Corporation, CVS Health Corporation, The Procter & Gamble Company, Target Corporation, and Walgreens Boots Alliance, Inc. ("Defendants"), by their undersigned attorneys, respectfully submit this Memorandum of Law in Response to the Motion for Preliminary Approval of Class Action Settlement ("Settlement Motion") filed by the Commissioners of Public Works of the City of Charleston ("Plaintiff").

**I.    THE COURT SHOULD ASCERTAIN SUBJECT MATTER JURISDICTION PRIOR TO DECIDING THE SETTLEMENT MOTION**

     The Court should deny or hold in abeyance Plaintiff's Settlement Motion until the Court ascertains whether it has subject matter jurisdiction in this case. As set forth in Defendants' Joint Motion to Dismiss (ECF No. 46), this Court lacks subject matter jurisdiction and should dismiss

the action under Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing under Article III of the U.S. Constitution to prosecute its claims. *See* ECF No. 46-1 at pp. 4-11.[1]  Defendants will be prejudiced by the approval of a class action settlement prior to the Court's adjudication of subject matter jurisdiction, because if Plaintiff lacks Article III standing, this case should be terminated rather than prolonged.

Article III standing must be ascertained by a district court prior to considering a motion for preliminary approval of a classwide settlement. *See Murkansky v. Godiva Chocolatier, Inc.*, 979 F. 3d. 917 (11th Cir. 2020).  The Supreme Court has confirmed that a "court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing."  *Frank v. Gaos*, 139 S. Ct. 1041, 1046, 203 L.Ed.2d 404 (2019).  *See also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted); *Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 479–80 (4th Cir. 2005).

Furthermore, Plaintiff and Kimberly-Clark can neither waive nor stipulate to the existence of subject matter jurisdiction. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Therefore, the Court must first decide Defendants' Joint Motion to Dismiss prior to considering the Settlement Motion.  *See* ECF No. 46

---

[1] Although defendant Kimberly-Clark did not join in the Joint Motion to Dismiss on account of the Settlement Motion, jurisdiction is lacking as to all named defendants (including Kimberly Clark), since Plaintiff advanced the same deficient allegations and claims against all defendants. *See generally*, Complaint.

## II. <u>CONCLUSION</u>

Defendants respectfully request that this Court deny the Settlement Motion, or in the alternative, delay any consideration of the Settlement Motion until after the Court rules on Defendants' Joint Motion to Dismiss.

Respectfully submitted,

| **Counsel for Walgreens Boots Alliance, Inc.** | **Attorneys for Costco Wholesale Corporation, CVS Health Corporation and Target Corporation** |
|---|---|
| ANDERSON REYNOLDS & STEPHENS LLC | TUCKER ELLIS, LLP |
| s/ Lisa A. Reynolds<br>Lisa A. Reynolds, Esquire<br>W. Coleman Lawrimore, Esquire<br>Federal Bar #<br>37 ½ Broad Street<br>P.O. Box 87<br>Charleston, SC 29402<br>(843) 723-0185<br>lreynolds@arslawsc.com<br>clawrimore@arslawsc.com | s/ John Q. Lewis<br>John Q. Lewis, Esquire<br>950 Main Ave, Suite 1100<br>Cleveland, OH, 44113-7213<br>John.lewis@tuckerlewis.com<br>Office (216) 696-5235 |
| and | And |
| CHUHAK & TECSON, P.C. | HOOD LAW FIRM |
| s/ David Tecson<br>David Tecson, Esquire<br>Loretto Kennedy, Esquire<br>30 South Wacker Drive, Ste 2600<br>Chicago, IL 60606<br>(312) 444-9300<br>dtecson@chuhak.com<br>lkennedy@chuhak.com | s/ Molly H. Craig<br>Molly H. Craig, Esquire<br>172 Meeting St.<br>Charleston, SC 29401<br>Office  (843) 577-1215<br>Molly.craig@hoodlaw.com |
| **Attorneys for The Procter and Gamble Co.** | |

- 3 -

| | |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL LLP<br><br>s/ Eileen Patt<br>Eileen Patt, Esquire<br>Harold P. Weinberger, Esquire<br>Harry P. Morgenthau, Esquire<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Office (212) 715-9347<br>EPatt@Kramerlevin.com<br>hmorgenthau@kramerlevin.com<br>nweinbergger@kramerlevin.com<br><br>And<br><br>NELSON MULLINS RILEY & SCARBOROUGH, LLP<br><br>s/ Robert W. Foster, Jr.<br>Robert W. Foster, Jr. Esquire<br>Scott D. MacLatchie, Jr. Esquire<br>PO Box 11070<br>Columbia, SC 29211<br>Office 803-799-2000<br>Robbie.foster@nelsonmullins.com<br>Scott.maclatchie@nelsonmullins.com<br><br>And<br><br>Andrew M. Connor, Esquire<br>Nelson Mullins Riley & Scarborough, LLP<br>151 Meeting St., Suite 600<br>Charleston, SC 29401<br>Office (843) 853-5200<br>Andrew.connor@nelsomullins.com | |

- 4 -