UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| COMMISSIONERS OF PUBLIC WORKS OF THE CITY OF CHARLESTON (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, KIMBERLY-CLARK CORPORATION, THE PROCTER & GAMBLE COMPANY, TARGET CORPORATION, WALGREENS BOOTS ALLIANCE, INC. and WAL-MART, INC.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 2:21-cv-00042-RMG<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Representative plaintiff, the Commissioners of Public Works of the City of Charleston (d.b.a. "Charleston Water System") ("Plaintiff"), respectfully submits this reply in further support of its motion for preliminary approval of the proposed Settlement ("Motion"),[1] and in response to defendants Costco Wholesale Corporation, CVS Health Corporation, The Procter & Gamble Company, Target Corporation and Walgreens Boots Alliance, Inc.'s (the "Non-Settling Defendants") Memorandum of Law in Response to the Motion (ECF No. 70; "Response").

## I.  THE NON-SETTLING DEFENDANTS DO NOT HAVE STANDING TO CHALLENGE THE PROPOSED SETTLEMENT

It is well-established that "a non-settling defendant generally lacks standing to challenge a partial settlement agreement." *In re Zetia (Ezetimibe) Antitrust Litig.*, 2019 WL 6122038, at *4 (E.D. Va. Oct. 1, 2019), *report and recommendation adopted*, 2019 WL 5712472 (E.D. Va. Nov. 5, 2019); *Galloway v. Williams*, 2020 WL 4573822, at *5 (E.D. Va. Aug. 7, 2020) (quoting same); *see also Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."). This widely accepted rule futhers the policy consideration that "routinely allow[ing] non-class members to inject their concerns via objection at the settlement stage would tend to frustrate" the "unassailable" goal "that settlements are to be encouraged." *Gould*, 883 F.2d at 284 (otherwise "every objection from a non-class member would trigger an examination by the court of the effects of the proposal on the objector"); *see also Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993) ("'This rule advances the policy of encouraging the voluntary settlement of lawsuits.'"); *In re Sch. Asbestos Litig.*, 921 F.2d 1330, 1333 (3d Cir. 1990) (finding non-settling defendants lacked standing to challenge settlement

---

[1]  Capitalized terms not defined herein are defined in the Motion (ECF No. 59) or Stipulation of Settlement ("Settlement Agreement"), dated April 21, 2021 (ECF No. 59-2). Citations are omitted and emphasis is added throughout unless otherwise noted.

agreement and recognizing "policy of encouraging settlement of complex litigation that otherwise could linger for years").

Only in the limited circumstances where the non-settling defendant "can demonstrate '*formal legal prejudice*'" may a non-settling defendant object to a proposed settlement. *Zetia*, 2019 WL 6122038, at *4; *see also In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1387 (D. Md. 1983) (citing cases). "Formal legal prejudice occurs where a non-settling defendant is stripped of a legal claim or cause of action or where the agreement interferes with his contract rights or his ability to seek indemnification or contribution." *Galloway*, 2020 WL 4573822, at *5; *see also Zetia*, 2019 WL 6122038, at *4 (formal legal prejudice occurs when "settlement 'purports to strip it of a legal claim or cause of action, an action for indemnity or contribution for example, or to invalidate its contract rights'"); *Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014) ("formal legal prejudice . . . exists only in those *rare* circumstances when, for example, the settlement agreement *formally* strips a non-settling party of a legal claim or cause of action, such as a cross-claim for contribution or indemnification, invalidates a non-settling party's contract rights, or the right to present relevant evidence at a trial"). The uncommon circumstances where courts have found that non-settling defendants suffered legal prejudice simply do not exist here.

The Non-Settling Defendants, undoubtedly motivated by their desire to minimize any negative impact from a publicized settlement involving a truly flushable wipe product that is not their own, seek to impede the Settlement's approval in order to minimize potential competitive harm to their businesses. Neither this tactical maneuver, nor the "prolong[ing]" of the litigation (Response at 2), however, come close to the level of "formal legal prejudice" required to confer standing to challenge a proposed settlement agreement. *See, e.g., Galloway*, 2020 WL 4573822, at *6 ("Because the Settlement Agreement does not strip Eventide of its legal claims or causes of action

- 2 -

and does not interfere with Eventide's contract rights or ability to assert its claims, Eventide has not suffered formal legal prejudice."); *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992) ("Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice.").[2] Because the Non-Settling Defendants have not demonstrated formal legal prejudice, they have no standing to object to the proposed Settlement, and their request that the Court should deny or delay consideration of the Motion should be denied.

## II.     THE COURT SHOULD NOT DELAY CONSIDERATION OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

Even assuming *arguendo* the Non-Settling Defendants had standing to challenge the proposed Settlement – which they do not – the Court should nevertheless reject their contention that it must formally ascertain subject matter jurisdiction by ruling on their Joint Motion to Dismiss before preliminarily approving the Settlement between Plaintiff and Kimberly-Clark. As an initial matter, courts in this Circuit and elsewhere frequently grant preliminary approval of settlements before ruling on motions to dismiss. *See, e.g., In re LandAmerica 1031 Exch. Servs., Inc. Internal Revenue Serv. §1031 Tax Deferred Exch. Litig.*, 2012 WL 13124592, at *3 (D.S.C. Nov. 7, 2012) ("*In re LandAmerica*") (approving settlement despite pending motions to dismiss)[3]; *In re India Globalization Cap., Inc., Derivative Litig.*, 2020 WL 2097641, at *4 (D. Md. May 1, 2020)

---

[2]     *See also Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) ("we do not believe that a court should inquire into the propriety of a partial settlement merely upon a showing of factual injury to a non-settling party. Some disadvantage to the remaining defendants is bound to occur and may, in fact, be the motivation behind the settlement. But just as a court has no justification for interfering in the plaintiff's initial choice of the parties it will sue (absent considerations of necessary parties), the court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice").

[3]     Notably, the court in *In re LandAmerica* found that it "has jurisdiction over the claims of the Settlement Class members asserted in this case and subject matter jurisdiction to approve the Class Action Settlement Agreement" (2012 WL 13124592, at *1) notwithstanding the settling defendants' arguments, asserted in the pending motions to dismiss, that the court lacked personal jurisdiction and plaintiff did not have standing to assert its claims. *See* No. 8:09-mn-2054, ECF No. 227-1 at 5.

- 3 -

(preliminarily approving settlement before motion to dismiss or answers to complaints were filed); *In re Am. Cap. S'holder Derivative Litig.*, 2013 WL 3322294, at *4 (D. Md. June 28, 2013) (granting preliminary approval of settlement where the "only information the Court has to assess the relative merits of Plaintiffs' case" was a consolidated complaint and defendants' motion to dismiss); *Conte et al. v. WakeMed*, No. 5:21-cv-00190-D (E.D.N.C.), ECF No. 12 (granting preliminary approval of settlement on May 4, 2021 – the week after the complaint was filed and before motion to dismiss briefing began); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 488 (E.D. Mich. 2008) (granting preliminary approval of settlement after briefing on motions to dismiss but before hearings or rulings on dispositive motions).

The cases that the Non-Settling Defendants rely on to support their far-reaching argument that the Court should first rule on their Joint Motion before preliminarily approving the Settlement are inapposite. For instance, in *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020), the court determined that plaintiff did not have standing because he pleaded only a "bare statutory violation" and not a concrete injury where he alleged only that he was harmed by defendant's violation of the Fair and Accurate Credit Transactions Act by being given a sales receipt with too many credit card digits and that he would "continue to be exposed to an elevated risk of identity theft." *Id*. at 922, 933, 936. Here, by contrast, Plaintiff has more than adequately demonstrated Article III standing at the pleading stage by alleging that it recently suffered multiple major clogs and is suffering, and will continue to suffer, further ongoing harm from the Non-Settling Defendants' Flushable Wipes. *See* ECF No. 64 at §IV.A. These allegations are far beyond a mere "'bare procedural violation, divorced from any concrete harm.'" *Muransky*, 979 F.3d at 936.[4]

---

[4] Additionally, unlike the court in *Muransky*, which did not have "the opportunity to consider **any** facts supporting Muransky's conclusory allegation of harm," Plaintiff here has presented

- 4 -

Likewise, while the Supreme Court in *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019), confirmed that courts must *assure* themselves of litigants' Article III standing in connection with settlement approval, like the court in *Muransky*, it did not address the issue of staying preliminary approval pending a *formal* determination of a motion to dismiss by non-settling defendants.[5] Rather, following the District Court's grant of *final* approval, the Supreme Court in *Frank* remanded the case given serious questions as to standing, first raised by the Solicitor General as *amicus curiae*, in light of the Court's ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) that "Article III standing requires a concrete injury even in the context of a statutory violation." Here, Plaintiff has established standing through concrete and particularized allegations of injury that do not rest on mere statutory violations as in *Frank* and *Muransky*. Because *none* of the cases relied on by the Non-Settling Defendants actually require the Court to decide the Joint Motion in order to assure itself of standing before ruling on the settling parties' preliminary approval Motion, the Non-Settling Defendants' request should be rejected.

Finally, the Non-Settling Defendants have failed to prove that "delay[ing]" the Motion or "hold[ing it] in abeyance" (Response at 1, 3) is warranted because they have not demonstrated that they satisfy *any* of the four factors necessary for a stay: "(1) 'a strong showing' that the party requesting the stay will succeed on the merits; (2) the presence of irreparable injury by the party

---

extensive factual support confirming its continued risk of imminent harm. *See* ECF No. 64 at IV.A.1.; *see also generally* ECF No. 64-4.

[5]     Tellingly, the Non-Settling Defendants do not cite a single case from the Fourth Circuit (or anywhere for that matter) in which the court delayed ruling on a preliminary approval motion pending a ruling on a motion to dismiss or determination of subject matter jurisdiction. Indeed, all of their cited opinions *followed* motion to dismiss rulings, and the only Fourth Circuit opinion that the Non-Settling Defendants cite – *Constantine v. Rectors & Visitors of George Mason Univ.* – simply confirmed that subject matter jurisdiction must exist before a court "can pass on the *merits* of that case." 411 F.3d 474, 479-80 (4th Cir. 2005) (discussing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89-101 (1998)).

seeking the stay; (3) whether the stay will substantially injure other parties to the litigation; and (4) whether the public interest is served by the grant of the stay." *vonRosenberg v. Lawrence*, 429 F. Supp. 3d 175, 187-88 (D.S.C. 2019).[6] As discussed above and in Plaintiff's opposition to the Joint Motion, the Court *has* subject matter jurisdiction over Plaintiff's claims so the Non-Settling Defendants are unlikely to succeed on the merits of their argument. Moreover, the Non-Settling Defendants have not asserted *any* irreparable injury if the Court preliminarily approves the Settlement. At best, they contend that the litigation will be prolonged rather than terminated *if* Plaintiff lacks Article III standing. To the contrary, deferred consideration of the Motion will likely result in significant prejudice or substantial injury to Plaintiff and Kimberly-Clark because they will be deprived of the significant benefits for which they bargained, and to the public because, *e.g.*, delayed implementation of certain labeling improvements could cause further harm to wastewater operators, municipalities and taxpayers.

### III.  CONCLUSION

The Non-Settling Defendants do not have standing to challenge the proposed Settlement. Even if they did, courts in this Circuit routinely approve settlements – which, at this stage, need only be within "the range of possible approval" – before ruling on motions to dismiss. Further, the Non-Settling Defendants fail to cite a single example of a court delaying a decision on preliminary approval because of a pending motion to dismiss by non-settling defendants. Rather, the Non-Settling Defendants' request amounts to a tactical maneuver aimed at preventing potential competitive harm to their businesses from the Settlement, which acknowledges Kimberly-Clark's superior-performing flushable wipes products. For the foregoing reasons, Plaintiff respectfully asks

---

[6] Although the Non-Settling Defendants use the term "delay" in their Response, for all practical purposes the relief requested is a stay. Response at 3.

that the Court grant preliminary approval of the proposed Settlement and enter the proposed Order Granting Motion for Preliminary Approval of Class Action Settlement.

DATED: June 8, 2021  AQUALAW PLC
F. PAUL CALAMITA (ID #12740)

*/s/ F. Paul Calamita*
F. PAUL CALAMITA

6 South Fifth Street
Richmond, VA 23219
Telephone: 804/716-9021
804/716-9022 (fax)
paul@aqualaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
VINCENT M. SERRA (admitted *pro hac vice*)
SARAH E. DELANEY
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
vserra@rgrdlaw.com
sdelaney@rgrdlaw.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

    I, F. Paul Calamita, hereby certify that on June 8, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.



                                                */s/ F. Paul Calamita*
                                                F. PAUL CALAMITA