# G·E | Grant & Eisenhofer P.A.

485 Lexington Avenue
29th Floor
New York, NY 10017
tel: 646.722.8500
fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

505 20th Street N
Suite 1450
Birmingham, AL 35203
tel: 205.453.6415
fax: 205.718.7688

One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
tel: 415.293.8210
fax: 415.789.4367

www.gelaw.com

123 Justison Street, 7th Floor, Wilmington, DE 19801          tel: 302.622.7000    fax: 302.622.7100

Kyle J. McGee
Director
+1 (302) 622 7058
kmcgee@gelaw.com

May 21, 2021

**VIA EMAIL**

F. Paul Calamita
AQUALAW PLC
6 South Fifth Street
Richmond, VA 23219
paul@aqualaw.com

Samuel H. Rudman
Vincent M. Serra
Sarah E. Delaney
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
srudman@rgrdlaw.com
vserra@rgrdlaw.com
sdelaney@rgrdlaw.com

Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
ejoyce@sidley.com

Hannah Rogers Metcalfe
METCALFE & ATKINSON, LLC
1395 S. Church Street
Greenville, SC 29605
hmetcalfe@malawfirmsc.com

RE:    *Commissioners of Public Works of the City of Charleston (d/b/a Charleston Water System) v. Costco Wholesale Corp, et el.,* No. 2:21-cv-00042

Dear Counsel:

I write on behalf of putative class member Mayor and City Council of Baltimore ("Baltimore" or "City") in connection with the proposed class action settlement in the above-referenced litigation (the "Action").[1]  For the reasons outlined below, settlement class members, including Baltimore, should be afforded an opportunity to exclude themselves from the settlement to avoid substantial prejudice, and I request that counsel to the settling parties revise the settlement to provide an opt-out mechanism.

---

[1] Baltimore is a member of the class as defined in the proposed settlement, "All STP Operators [owners and/or operators of sewage or wastewater conveyance and treatment systems] in the United States whose systems were in operation between January 6, 2018 and the date of preliminary approval."

Paul Calamita, et al
May 21, 2021
Page 2

My primary concern is the far-reaching and deleterious impact the settlement will have on certain potential claims that Baltimore, and other putative class members, may assert against some or all of the defendants in this Action, including Kimberly-Clark Corporation ("Kimberly-Clark"). By way of background, Baltimore maintains public sewer and wastewater systems that serve over 1.6 million residents.  As proposed, the settlement would extinguish all class members' rights to seek critical injunctive relief for abatement of the nuisance caused by Kimberly-Clark's wipes products, as well as any claims, such as claims under unfair and deceptive acts and practices statutes ("UDAP"), that furnish grounds for both monetary and injunctive remedies.  The broad scope of the release includes all claims seeking *only* injunctive relief and arguably includes claims seeking *both* injunctive and monetary relief.  Baltimore, and other putative class members, are in the process of investigating potential claims, including nuisance-based and statutory UDAP claims, that may or will be released if the settlement, as proposed, is approved.

Baltimore's investigation is ongoing, but the City anticipates seeking injunctive relief, including the establishment of an abatement fund to be used, at the very least, to support a robust public education campaign to educate its sewer and wastewater customers that Defendants' wipes are not flushable, in order to undo the multi-million dollar marketing campaigns which convinced residents to use so-called "flushable" wipes instead of or in addition to toilet paper and to dispose of them as though they were toilet paper.

In addition, because the public education of Baltimore's customers regarding the dangers (and ultimately the costs) associated with the intended use of Defendants' products will take time, Baltimore must continue to manage the influx of unflushable wipes into its wastewater systems. Thus an adequate abatement program or fund must:

- upgrade wastewater treatment infrastructure and machinery to better contend with the flow of wipes in the systems without jamming or breaking, and to minimize clogs and sewage overflows; and
- clean up sewage clogs, backups, and overflows into customers' homes, onto land, and into local waterways.

The proposed settlement unambiguously waives all class members' rights to injunctive relief not provided in the settlement, including abatement remedies.  The release in the proposed settlement is broadly worded to include any claims:

for injunctive relief that arise from or relate to the claims and allegations in the Complaint, including Unknown Claims, and the acts, facts, omissions, or circumstances that were or could have been alleged by Plaintiff in the Action, **including but not limited** to all claims for injunctive relief related to any wipe products (flushable and non-flushable) currently or formerly manufactured, marketed, or sold by Kimberly-Clark or any of its affiliates.

Paul Calamita, et al
May 21, 2021
Page 3

*Id.* para. 1.17 (emphasis added).

The injunctive relief that the proposed settlement does provide—by May 2022 to increase from 70% to 80% the percentage of Kimberly-Clark wipe products that pass through the sieve test established by the International Water Services Flushability Group (IWSFG), and to enroll named Plaintiff Charleston Water System in its promotion of its products—falls woefully short of the injunctive relief that is required in order to correct the tortious practices injuring class members. The settlement releases Kimberly-Clark from claims affording critical injunctive forms of relief on behalf of Baltimore and other class members, in exchange for no real relief.

Baltimore is also concerned that while the proposed settlement purports to preserve class members' rights to pursue damages claims, it does not unambiguously state that damages claims (including claims seeking both damages and injunctive relief) are not released. If the parties to the settlement intended to preserve damages claims for absent class members, the stipulation of settlement should have provided a term expressly doing so.

Because the proposed settlement will, at a minimum, unambiguously extinguish Baltimore's rights to seek meaningful injunctive relief from Kimberly-Clark, and will potentially prevent it from obtaining damages to remedy injuries Kimberly-Clark's products have caused to its sewer and wastewater systems, Baltimore requests that the proposed settlement be revised to provide an opportunity to opt out. Because the proposed settlement is proceeding under Rule 23(b)(2), the Federal Rules do not expressly require providing class members an opportunity to exclude themselves. Accordingly, Baltimore, and other class members with similar concerns, will be unable to opt out of the settlement unless the parties or the Court specifically creates that opportunity. I thus respectfully request that you, as counsel on both sides of the proposed settlement, revise the proposed settlement to create a meaningful opt-out mechanism for putative class members to avoid prejudicing class members like Baltimore. I would welcome a meet and confer discussion if that would be helpful.

Baltimore reserves all rights, including the right to petition the Court for further relief in the Action.

Respectfully submitted,

*/s/ Kyle McGee*

Kyle McGee
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, Delaware 19801

*Counsel for Mayor & City Council of Baltimore*

Paul Calamita, et al
May 21, 2021
Page 4

Cc: Honorable Richard M. Gergel (via email: Gergel_ecf@scd.uscourts.gov)
    Chelsea Smith (via email: chelsea.smith@tuckerellis.com)
    Molly Hood Craig (via email: molly.craig@hoodlaw.com)
    Andrew Marvin Connor (via email: andrew.connor@nelsonmullins.com)
    Eileen M Patt (via email: epatt@kramerlevin.com)
    David J Tecson (via email: dtecson@chuhak.com)
    Lisa A Reynolds (via email: lreynolds@arslawsc.com)
    Gray Thomas Culbreath (via email: gculbreath@GWBlawfirm.com)