# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Proctor & Gamble Company, Target Corporation, Walgreen Co., and Wal-Mart, Inc.,<br><br>*Defendants*. | Civil Action No. 2:21-cv-42-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiff's motion for preliminary approval of class action settlement. (Dkt. Nos. 59, 82, 83, 97). For the reasons set forth below, the Court grants Plaintiff's motion.

## Background

In this putative class action, Plaintiff the Commissioners of Public Works of the City of Charleston (d.b.a. "Charleston Water System") ("Plaintiff"), on behalf of itself and all others similarly situated, alleges that Defendants Costco Wholesale Corporation ("Costco"), CVS Health Corporation ("CVS"), Kimberly-Clark Corporation ("Kimberly-Clark"), The Proctor & Gamble Company ("P&G"), Target Corporation ("Target"), Walgreen Co. ("Walgreens"), and Wal-Mart, Inc. ("Wal-Mart") design, market, manufacture, distribute, and/or sell wipes labeled as "flushable" which are not actually flushable. These wipes allegedly damage sewer systems across the country. Plaintiff brings claims for nuisance, trespass, strict products liability—defective design, strict products liability—failure to warn, and negligence. Plaintiff's original and Amended Complaint seek—in addition to reasonable attorney's fees and costs for class counsel—prospective injunctive

1

relief only. (Dkt. Nos. 1, 85).

On April 26, 2021, Plaintiff moved for preliminary approval of a settlement reached between itself and Kimberly-Clark (the "Parties"). (Dkt. No. 59). Attached to the motion was a full copy of the Parties' Stipulation of Settlement (the "Settlement Agreement"). (Dkt. No. 59-2). Defendants Costco, CVS, P&G, and Target (the "Non-Settling Defendants") oppose the settlement.[1] Plaintiff filed a reply. (Dkt. No. 76). At the time Plaintiff filed its motion for settlement approval, Plaintiff's original complaint, (Dkt. No. 1), was its operative pleading.

On June 10, 2021, Kimberly-Clark filed a declaration asserting it had complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. (Dkt. No. 77).

On July 15, 2021, in response to two letters received by the Court from putative class members, (Dkt. Nos. 80, 81), the Parties agreed to amend the Settlement Agreement's definition of "Plaintiff's Released Claims" to:

> "Plaintiff's Released Claims" means any and all claims of Plaintiff and the Settlement Class Members for injunctive relief that arise from or relate to the claims and allegations in the Complaint, including Unknown Claims, and the acts, facts, omissions, or circumstances that were or could have been alleged by Plaintiff in the Action, including but not limited to all claims for injunctive relief related to any wipe products (flushable and non-flushable) currently or formerly manufactured, marketed, or sold by Kimberly-Clark or any of its affiliates. ***For the avoidance of doubt, "Plaintiff's Released Claims" do not include claims for damages or other monetary relief, including claims for monetary relief under the law of nuisance***.

(Dkt. Nos. 82, 83). The amendment was intended to dispel concerns raised by the Mayor and City Council of Baltimore and Anne Arundel County that the Settlement Agreement released monetary claims against Kimberly-Clark. *See, e.g.*, (Dkt. No. 82 at 2) ("Counsel for Baltimore confirmed

---

[1] In its original complaint, Plaintiff named Walgreens Boots Alliance, Inc. as a Defendant. (Dkt. No. 1). Walgreens Boots Alliance, Inc. joined the Non-Settling Defendants' opposition to Plaintiff's motion for settlement. (Dkt. No. 70). Plaintiff's Amended Complaint, however, no longer names Walgreens Boots Alliance, Inc. as a Defendant. (Dkt. No. 85).

that this additional language would sufficiently address the City's concerns with the Settlement Agreement detailed in its May 21 letter. Additionally, counsel for Baltimore represented that it conferred with the Deputy County Attorney of AACo, who similarly confirmed that the modified release language satisfied its identical concerns raised in AACo's June 21 letter.").

On August 12, 2021, Plaintiff filed its Amended Complaint. (Dkt. No. 85).

On August 25 and September 9, 2021, the Court held proceedings on Plaintiff's motion. During these proceedings, the Parties agreed to supplement the notice procedures delineated in the Settlement Agreement, (Dkt. No. 59-2 § 7), to provide direct, mailed notice to potential Settlement Class Members—specifically 17,297 publicly owned sewage treatment plant operators located in the United States as of August 27, 2021. The Parties also agreed to publish Summary Notice of one-half page in size once in both the print and online editions of the Water Environment Federation's magazine *Water Environment & Technology*. The Parties filed a copy of the proposed postcard notice. (Dkt. No. 97). The Parties also provided a hard copy of the notice for the Court's inspection.

## The Non-Settling Defendants Objections

On April 12, 2021, prior to Plaintiff moving for approval of the Settlement Agreement, the Non-Settling Defendants and Wal-Mart moved to dismiss Plaintiff's original complaint on the basis that, *inter alia*, Plaintiff lacked Article III standing. (Dkt. No. 46-1 at 9) (arguing that because Plaintiff's original complaint did not contain allegations of harm that occurred more recently than two years ago, Plaintiff had not pled a "certainly impending" injury); (*Id.*) (arguing that Plaintiff's complaint did not contain allegations which showed its harm was "fairly traceable" to a particular defendant).

The Non-Settling Defendants argue that, before considering the motion for preliminary

3

approval of settlement on its merits, the Court should "ascertain subject matter jurisdiction" by deciding the above noted motion to dismiss. (Dkt. No. 70 at 1-3). On August 12, 2021, however, Plaintiff filed its Amended Complaint, (Dkt. No. 85), and the Court denied without prejudice as moot the said motion to dismiss. (Dkt. No. 87). Nevertheless, and assuming without finding that the Non-Settling Defendants have standing to oppose Plaintiff's motion for settlement, *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 1:18md2836, 2019 WL 6122038, at *4 (E.D. Va. Oct. 1, 2019), *report and recommendation adopted*, 2019 WL 5712472 (E.D. Va. Nov. 5, 2019) (noting it is well-established that "a non-settling defendant generally lacks standing to challenge a partial settlement agreement" unless it can demonstrate "formal legal prejudice"), the Court considers the Non-Settling Defendants' argument.

The Court overrules the Non-Settling Parties' objections. Plaintiff's Amended Complaint contains allegations of actual harm occurring through the present which Plaintiff attributes to the individual named Defendants. (Dkt. No. 85 ¶¶ 48-59, 100-22); (Dkt. No. 85-1). Plaintiff has established Article III standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000) ("[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' ...; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.").

The Court proceeds to the merits of Plaintiff's pending motion.

   1. **Conditional Certification of Settlement Class**

The Parties move this Court to certify a settlement class pursuant to Fed. R. Civ. P. 23(b)(2). The "Settlement Class" is composed of "All STP Operators in the United States whose systems were in operation between January 6, 2018 and the date of preliminary approval." (Dkt.

4

No. 59-2 ¶ 1.23). An "STP Operator" is an entity that "owns and/or operates sewage or wastewater conveyance and treatment systems, including municipalities, authorities, and wastewater districts." (*Id.* at 2).

When the Court is presented with a proposed settlement, the Court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b) for each of their proposed classes.

The Court holds that the Settlement Class satisfies the numerosity requirement of Rule 23(a)(1). The Parties have indicated the number of STP Operators in the United States likely exceeds 14,000, (Dkt. No. 59-1 at 23), and propose providing direct notice of the Proposed Settlement to over 17,000 entities. Numerosity is easily satisfied. *See Williams v. Henderson*, 129 Fed. App'x 806, 811 (4th Cir. 2005) (indicating that a class with over 30 members justifies a class).

The Court further finds that the commonality requirement of Rule 23(a)(2) is met. The commonality requirement – at least as it relates to a settlement class – is "not usually a contentious one: the requirement is generally satisfied by the existence of a single issue of law or fact that is common across all class members and thus is easily met in most cases." 1 Newberg on Class Actions § 3:18 (5th ed.); *see also Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008) (noting that "[t]he commonality requirement is relatively easy to satisfy") (quoting *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 187 (D. Md. 2003)). The Parties have enumerated various common questions which show the requirement is met, (Dkt. No. 59-1 at 26), such as whether "Defendants mislabel their flushable wipes so as to have consumers believe that their flushable wipes will not cause harm to sewer systems in their area" and "whether Defendants'

5

flushable wipes cause adverse effects on STP Operators' systems."

The typicality requirement of Rule 23(a)(3) is also met. Typicality requires the class representatives' claims to be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied if the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006). Here, there is a sufficient link between Plaintiff's claims and those of absent class members. Like absent class members, Plaintiff is a STP Operator which has allegedly suffered damages caused by flushable wipes. *See* (Dkt. No. 85 at 24-36) (describing similar alleged harms suffered by STP Operators outside of South Carolina). In sum, Plaintiff and the Settlement Class Member's claims arise out of the same alleged course of conduct by Kimberly-Clark and are based on identical legal theories. Accordingly, the typicality requirement is met. *Deiter*, 436 F.3d at 466 ("The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so goes the claims of the class.'").

The Court further finds that Plaintiff and its counsel are adequate representatives of the Settlement Class. In reaching this determination, the Court has considered whether the proposed class representatives will fairly and adequately protect the interests of the class. *Knight v. Lavine*, No. 1:12-CV-611, 2013 WL 427880 at *3, 2013 U.S. Dist. LEXIS 14855 at *9 (E.D. Va. Feb. 4, 2013).

First, the Court finds that the Plaintiff has no interests that are antagonistic to the interests of the Settlement Class and is unaware of any actual or apparent conflicts of interest between it and the Settlement Class. As noted above, Plaintiff alleges it has suffered the same or similar

6

harms as absent class members. Further, Plaintiff has vigorously litigated this case, including responding to oppositions to various motions to dismiss, and amending its complaint.

Second, the Court finds proposed Class Counsel to be competent to undertake this litigation. Class Counsel have extensive experience in in class actions, including with litigating claims like those here. Class Counsel have also demonstrated robust prosecution of the class claims in this litigation. Accordingly, the Court is satisfied Plaintiff and Class Counsel—Robbins Geller Rudman & Dowd LLP and Acqua Law PLC—are adequate representatives of the conditional Settlement Class under Rule 23(a)(4).

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014). With respect to Rule 23(b)(2), parties seeking class certification must show that the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief ... with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Court finds that as to the Settlement Class, Kimberly-Clark has acted on grounds generally applicable to the class as a whole. Here, the Settlement Agreement treats all Settlement Class Members alike in granting them the benefits of the relief Kimberly-Clark would provide. As discussed *infra*, Kimberly-Clark would, *inter alia*, agree to alter certain products and provide for new labeling on others. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2557, 180 L.Ed.2d 374 (2011) ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (citation omitted). The Proposed Settlement thus satisfies the elements of Rule 23(b)(2).

In sum, for the sole purpose of determining: (i) whether this Court should finally approve

the Proposed Settlement as fair, reasonable, and adequate; and (ii) whether the Court should dismiss this litigation as against Kimberly-Clark as detailed in the Settlement Agreement, the Court hereby certifies a conditional settlement class as follows:

> Settlement Class: All STP Operators in the United States whose systems were in operation between January 6, 2018 and the date of preliminary approval.
>
> Excluded from the Settlement Class are counsel of record (and their respective law firms) for any of the Parties, employees of Kimberly-Clark, and any judge presiding over this action and their staff, and all members of their immediate families.

If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and the Parties shall be permitted to pursue their respective appeals to the United States Court of Appeals for the Fourth Circuit.

## 2. Appointment of Class Counsel and Class Representative

Having certified the settlement class under Rule 23(b)(2), the Court is now required to appoint Class Counsel under Rule 23(g). Fed. R. Civ. P. 23(g)(1)(A). Having considered the work Plaintiff's counsel have done in identifying and investigating potential claims in this action, counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are designated Class Counsel under Rule 23(g)(l):

- Frank Paul Calamita, III of Acqua Law PLC; and
- Vincent M. Serra of Robbins Geller Rudman and Dowd LLP.

Plaintiff is appointed Class Representative.

### 3. **<u>Preliminary Approval of the Proposed Settlement</u>**

At the preliminary approval stage, the Court must decide as to the fairness, reasonableness, and adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see also* Manual for Complex Litigation (Fourth) ("MCL"), § 21.632 (4th ed. 2004). The Fourth Circuit has bifurcated this analysis into consideration of the fairness of settlement negotiations and the adequacy of the consideration to the class. *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991). However, at the preliminary approval stage, the Court need only find that the settlement is within "the range of possible approval." *Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540-MOC-DSC, 2018 WL 1321048, at *3, 2018 U.S. Dist. LEXIS 41908, at *10 (W.D.N.C. Mar. 14, 2018); *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *In Re Mid-Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379, 1384 (D. Md. 1983)).

The Fourth Circuit has set forth the factors to be used in analyzing a class settlement for fairness: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *Jiffy Lube*, 927 F.2d at 158–59.

The Court finds that the settlement reached in this case was the result of a fair process. Although negotiated early in the life of this litigation, as outlined in Plaintiff's motion, the proposed settlement was the result of extensive prior communication between the Parties. Namely, in late 2019, Class Counsel informed Kimberly-Clark's counsel that it "was preparing to file a putative class action in federal court on behalf of a nationwide class of STP Operators" (the "Proposed Action"). (Dkt. No. 59 at 10). According to Plaintiff, these discussions "picked up" on

9

earlier discussions between Class Counsel and Kimberly-Clark which began in *The Preserve at Connetquot Homeowners Association, Inc. v. Costco Wholesale Corporation, et al.*, 2:17-cv-JFB-AYS (E.D.N.Y.). Like the instant action, in *The Preserve* counsel for Plaintiff represented an STP Operator bringing similar claims against "the same Defendants here." (*Id.* at 11) (noting that Plaintiff's counsel's consultants in *The Preserve* "received testing data from, and conducted testing in coordination, with Kimberly-Clark in December 2018 in connection with settlement discussions"). Further, in April 2020, counsel for Plaintiff and Kimberly-Clark discussed resolving Plaintiff's Proposed Action as part of an anticipated mediation in another separate, but related case *Kurtz v. Kimberly-Clark Corporation, et al.*, No. 1:14-cv-01142-PKC-RML (E.D.N.Y.), a certified consumer class action on behalf of New York purchasers of Kimberly-Clark and Costco's flushable wipes. (*Id.*). Plaintiff states that on July 15, 2020, in connection with the mediation, Plaintiff provided Kimberly-Clark a formal proposal to resolve the Proposed Action, but that the parties did not reach an agreement at that time. (*Id.*). After the original complaint in this action was filed in January 2021, Plaintiff states the Parties continued to engage in arm-length's settlement discussions which, over the course of the next roughly 3-4 months, led to the Settlement Agreement. (*Id.* at 12).

Therefore, while the Proposed Settlement was negotiated before formal discovery was conducted, the Court finds that the Parties' history of litigating similar, if not identical issues, combined with Plaintiff's counsel's extensive experience of the same, indicate the settlement was negotiated at arm's length. *See In re Lupron Marketing and Sales Practices Litigation*, 228 F.R.D. 75, 94, R.I.C.O. Bus. Disp. Guide (CCH) P 10888 (D. Mass. 2005) ("The storm warnings indicative of collusion are a 'lack of significant discovery and [an] extremely expedited settlement of questionable value accompanied by an enormous legal fee.'") (quoting *In re General Motors*

*Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 31 Fed. R. Serv. 3d 845 (3d Cir. 1995)).

The Settlement Agreement provides for injunctive relief including "(1) enhanced Product[2] performance; (2) confirmatory Product performance testing; (3) Product labeling improvements; and (4) public outreach about flushable and non-flushable wipes." (Dkt. No. 59-1 at 13); (59-2 at 8-14). This relief includes, for example, Kimberly-Clark's commitment to meeting International Water Services Flushability Group (IWSFG) Publicly Available Specification (PAS) 3 (Disintegration Test) flushability specifications for its Product, independent testing of the Product, and labeling changes which include Kimberly-Clark's commitment to add prominent language and graphics on non-flushable products indicating those products should not be flushed.

The Court finds that the Settlement Agreement is within the range of possible approval. *See Toyota Antitrust Litigation*, 564 F. Supp. at 1384. In an analysis of the adequacy of a proposed settlement, the relevant factors to be considered may include: (1) the relative strength of the case on the merits, (2) any difficulties of proof or strong defenses the plaintiff and class would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, (5) the degree of opposition to the proposed settlement, (6) the posture of the case at the time settlement was proposed, (7) the extent of discovery that had been conducted, (8) the circumstances surrounding the negotiations, and (9) the experience of counsel in the substantive area and class action litigation. *See Jiffy Lube*, 927 F.2d at 159; *West v. Cont'l Auto., Inc.*, No.

---

[2] The Settlement Agreement defines "Product" as "Kimberly-Clark's Cottonnelle-branded flushable wipes manufactured in the United States, including any FreshCare or GentlePlus-branded Cottonelle flushable wipes." (Dkt. No. 59-2 ¶ 1.19).

3:16-cv-00502, 2018 WL 1146642 at *4, 2018 U.S. Dist. LEXIS 26404 at *10 (W.D.N.C. Feb. 5, 2018).

Thus far in this action, the Non-Settling Defendants have vigorously disputed Plaintiff's claims and have filed various motions seeking to dismiss this lawsuit. Plaintiff admits that if Kimberly-Clark had not reached a settlement with Plaintiff, Kimberly-Clark would likely have done the same. Plaintiff further admits the difficulty in bringing actions such as the instant one, (Dkt. No. 59-1 at 19-20), and notes that one of Plaintiff's counsel's prior actions against Kimberly-Clark resulted in a dismissal due to a lack of standing, *see Preserve at Connetquot Homeowners Ass'n, Inc. v. Costco Wholesale Corp.*, No. 17CV7050JFBAYS, 2019 WL 337093, at *1 (E.D.N.Y. Jan. 28, 2019). *See also* (Dkt. No. 59-1 at 20) (admitting that even if Plaintiff were permitted to proceed to discovery, "hurdles to proving liability," such as proving proximate cause, "would remain" and would necessitate expensive expert testimony). Further, the Court observes that the injunctive relief provided against Kimberly-Clark in the Settlement Agreement mirrors significant portions of the relief which Plaintiff affirmatively seeks in its Amended Complaint. In sum, the likelihood of substantial future costs weighed against the uncertainty of further litigation favors approving the proposed settlement. *See Sims v. BB&T Corp.*, No. 1:15-CV-732, 2019 WL 1995314, at *4-5 (M.D.N.C. May 6, 2019).

### 4. Notice for The Proposed Settlement Class

Notice to class members upon settlement of class claims should be conducted in a "reasonable manner." See Fed. R. Civ. P. 23(e)(1)(B). *See* Wright and Miller's Federal Practice and Procedure, Civil § 1786 ("The first specific question to be dealt with in determining the quality of the notice typically is whether individual notice must be given. In actions under Rules 23(b)(1) and 23(b)(2), the court is only directed to give 'appropriate notice to the class,' leaving the type of

notice discretionary."); 2 McLaughlin on Class Actions § 6.17 (17th ed.) (noting "courts have consistently held that first-class mail addressed to class members' last known address and publication of a summary notice in appropriate press medium are sufficient to satisfy the notice requirements of . . . 23(e) for advising class members of a proposed settlement").

As outlined in the Settlement Agreement, (Dkt. No. 59-2 § 7), and as further agreed to by the Parties in proceedings before the Court, "Notice" consists of the following: (1) First-Class direct mailed notice to the 17, 297 publicly owned sewage treatment plant operators located in the United States as of August 27, 2021; (2) Publication of a Summary Notice, Ex. C, (Dkt. No. 59-2 at 45-46), of one-half page in size once in both the print and online editions of the Water Environment Federation's magazine *Water Environment & Technology*; (3) Transmittal by email of the Notice of Settlement, Ex. B, (Dkt. No. 59-2 at 30-43), to roughly 23 national and local water organizations; (4) a Settlement website; (5) Publication of a Summary Notice via press release issued by the Parties; and (6) notice of the Proposed Settlement to federal and state officials as required by the Class Action Fairness Act of 2005.

Based on the nature of the proposed injunctive relief, the Court finds the Notice plan as supplemented at the above referenced proceedings and in filings with the Court, (Dkt. Nos. 59-2 § 7; Dkt. No. 97), reasonable and adequate.

## Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for preliminary settlement approval (Dkt. Nos. 59, 82, 83, 97). Within five (5) days of the entry of this Order, the Parties shall file a Proposed Timeline for Proposed Settlement for the Court's consideration.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

October 4, 2021
Charleston, South Carolina