IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Proctor & Gamble Company, Target Corporation, Walgreens Boots Alliance., and Wal-Mart, Inc.,<br><br>*Defendants*. | Civil Action No. 2:21-cv-42-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendants Costco Wholesale Corporation, CVS Health Corporation, and Target Corporation (collectively "Defendants")'s motion to dismiss Plaintiff's amended complaint under the doctrine of primary jurisdiction (Dkt. No. 109). For the reasons set forth below, the Court denies Defendants' motion.

**Background**

In this putative class action, Plaintiff the Commissioners of Public Works of the City of Charleston (d.b.a. "Charleston Water System") ("Plaintiff"), on behalf of itself and all others similarly situated, alleges that Defendants Costco Wholesale Corporation ("Costco"), CVS Health Corporation ("CVS"), Kimberly-Clark Corporation ("Kimberly-Clark"), The Proctor & Gamble Company ("P&G"), Target Corporation ("Target"), Walgreen Co. ("Walgreens"), and Wal-Mart, Inc. ("Wal-Mart") design, market, manufacture, distribute, and/or sell wipes labeled as "flushable" which are not actually flushable. These wipes allegedly damage sewer systems across the country. Plaintiff brings claims for nuisance, trespass, strict products liability—defective design, strict

1

products liability—failure to warn, and negligence. Plaintiff seeks—in addition to reasonable attorney's fees and costs for class counsel—prospective injunctive relief only. (Dkt. No. 85).

Defendants move to dismiss the Amended Complaint based on the "primary jurisdiction" doctrine. (Dkt. No. 109). As pertinent to this motion, Defendants note that the Federal Trade Commission previously investigated Nice-Pak Products Inc. ("Nice-Pak") and its advertising and labeling of flushable wipes. Defendants argue this is relevant because Nice-Pak manufacturers the flushable wipes Defendants currently sell. Around October 30, 2015, as result of said investigation, the FTC entered into a consent decree with Nice-Pak. (Dkt. No. 109-5). As defined therein, "covered product" means "all wipes . . . and any moist toilet tissue or cloth." (*Id.* at 3). The consent decree prohibits Nice-Pak from advertising covered products as flushable unless the representation is "non-misleading, and, at the time the representation is made, [Nice-Pak] possesses and relies upon competent and reliable evidence, which, when appropriate based on the expertise of professionals in the relevant area must be competent and reliable scientific evidence, that, when considered in light of the entire body of relevant and reliable evidence, is sufficient in quantity and quality based on standards generally accepted in the relevant fields to substantiate that the representation is true." (*Id.*). Nice-Pak was directed to retain, for a period of five-years, advertising, labels, packaging, and promotional materials to this effect. (*Id.* at 5). The consent decree terminates on October 30, 2035. (*Id.* at 6).

On October 12, 2021, Defendants filed the instant motion. (Dkt. No. 109). Plaintiff opposes. (Dkt. No. 118). Defendants filed a reply. (Dkt. No. 120).

Defendants' motion is fully briefed and ripe for disposition.

## **Legal Standard**

The doctrine of primary jurisdiction "is a doctrine specifically applicable to claims properly

2

cognizable in court that contain some issue within the special competence of an administrative agency. It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). "[T]he doctrine is designed to coordinate administrative and judicial decision-making by taking advantage of agency expertise and referring issues of fact not within the conventional experience of judges or cases which require the exercise of administrative discretion." *See Environmental Tech. Council v. Sierra Club*, 98 F.3d 774, 789 (4th Cir. 1996); *see also id.* (noting that referral under the doctrine of primary jurisdiction is reviewed for abuse of discretion). A "referral" to the agency does not cause a court to lose jurisdiction; the court may retain jurisdiction, or it may dismiss a case without prejudice if dismissal will not unfairly disadvantage the parties. *Reiter*, 507 U.S. at 268-69.

Courts consider four factors in determining whether to stay or dismiss an action in favor of the jurisdiction of an administrative agency:

> (1) whether the question at issue is within the conventional experience of judges or it is within the agency's particular field of expertise;
>
> (2) whether the question at issue is particularly within the agency's discretion;
>
> (3) whether there exists a substantial danger of inconsistent rulings; and
>
> (4) whether a prior application to the agency has been made.

*See Cent. Tel. Co. of Va. v. Sprint Communications Co. of Va. Inc.*, 759 F. Supp. 2d 772, 786 (E.D. Va. 2011) *aff'd* 715 F.3d 501 (4th Cir. 2013) *cert. denied* 571 U.S. 969 (2013).

## Analysis

Defendants argue, based on the doctrine of primary jurisdiction, that the Court should

exercise its discretion and dismiss this case. Defendants argue that the relief[1] Plaintiff seeks in its Amended Complaint is "irreconcilable" with the consent decree between the FTC and Nice-Pak. Defendants argue that the FTC has committed to "closely monitor[ing]" Nice-Pak's compliance with the consent decree and that, if the Court were to permit Plaintiff's Amended Complaint to proceed, the Court would be forced to "second-guess" the FTC's monitoring efforts. *See* (Dkt. No. 109-1 at 5); (Dkt. No. 109-3) (October 30, 2015 letter from FTC to New York City Law Department stating that, "[a]s is the case with all Commission orders, Commission staff will closely monitor Nice-Pak's future activities to determine whether any violations occur"). In support of their motion, Defendants cite *Canale v. Colgate-Palmolive, Co.*, 258 F. Supp. 3d 312, 325-26 (S.D.N.Y. 2017) (applying doctrine and staying plaintiff's claims challenging defendants' allegedly misleading toothpaste advertisements because, although the subject matter of the lawsuit fell within the court's expertise, the FTC was actively investigating the same claims).

After careful consideration of the parties' argument, the Court declines to apply the primary jurisdiction doctrine and denies Defendants' motion.

As to the first factor, the Court finds the subject matter of this lawsuit—whether Defendants' allegedly "flushable" wipes are in fact flushable or otherwise properly labeled—falls within the court's expertise. As Plaintiff notes, courts routinely hear flushable wipes cases. *See, e.g., Pettit v. Proctor & Gamble Co.*, No. 15-cv-2150-RS (N.D. Cal.); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018); *see also Abingdon Livestock Exch., Inc. v. Smith*, No. 1:06-cv-96, 2007 WL 3146504, at *2 (W.D. Va. Oct. 26, 2007) (that "courts have been deciding" a particular issue "belies the argument that such a determination is within the particular discretion

---

[1] To wit, an injunction requiring Defendants manufacture and sell wipes in accordance with a standard set by the International Water Services Flushability Group.

of the [administrative agency]"). This factor therefore weighs in Plaintiff's favor.

As to the second factor, the Court finds it weighs, if at all, in favor of the FTC as the FTC has, at least in the past, investigated the labeling of Nice-Pak's flushable wipes. *See Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 78 (E.D.N.Y. 2015) (noting the FTC is tasked with addressing deceptive labeling and staying flushable wipes "pending *conclusion* of the FTC's inquiry and any subsequent action of the agency") (emphasis added). *Contra Kurtz. v. Kimberly-Clark*, 321 F.R.D. 482, 495-96 (E.D.N.Y. 2017) (ruling as to both *Belfiore* and *Kurtz*, now permitting both actions to proceed, and noting that, because the FTC had concluded its investigation of defendants' flushable wipes, "[i]n the absence of action by the FTC" the court "is compelled to address these consumers' claims on a state-by-state basis"); *Id.* at 495 (citing a July 27, 2016 letter from the FTC to plaintiff and observing the FTC "seems unlikely to take action in response to this court's referral. In a letter responding to an inquiry by one of the plaintiffs in the instant cases, the agency indicated its intent to address 'flushability'-related claims only on a case-by-case basis. It specified that: (1) it cannot engage in 'aggregate adjudication' of claims, due to its administrative design; (2) it does not intend to prescribe trade regulation rules in relation to issues raised by this court's referral; and (3) the parties and the court can look to the Nice–Pak final consent order for guidance on the Commission's views regarding representations of 'flushability.'").

As to the third factor, the factor weighs in favor of Plaintiff as the Court finds little danger that litigation of Plaintiff's claims would result in rulings inconsistent with any current FTC actions. As noted above, when the *Kurtz* court referred a flushable wipes case to the FTC, the FTC declined to act. Further, the FTC stated courts could look to its consent decree with Nice-Pak as "guidance"— implying that courts could and would hear flushable wipes cases. The risk of an

"inconsistent ruling" is, at best, only hypothetical. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 791 (9th Cir. 2015) ("Common sense tells us that even when agency expertise would be helpful, a court should not invoke primary jurisdiction when the agency is aware of but has expressed no interest in the subject matter of the litigation.").

Last, the Court finds that there is no pending application before the FTC regarding the subject matter of this litigation. In their briefing, Defendants elide specific discussion of this factor. *See generally* (Dkt. No. 109-1 at 14-16). Instead, Defendants' principal argument for applying the primary jurisdiction doctrine is that the FTC's commitment to "closely monitoring" Nice-Pak's future labelling activities is "dispositive." (*Id.* at 15-16). Or put differently, Defendants argue that, until the consent decree between Nice-Pak and the FTC expires in 2035, no lawsuits may be brought against flushable wipes distributors or manufacturers because such actions could, despite all indications to the contrary, impede on the FTC's passive monitoring efforts. That contention, however, is simply unreasonable and, for the reasons stated above, contrary to settled law.

## Conclusion

For the reasons stated above, Defendants' motion (Dkt. No. 109) is **DENIED**.

**AND IT IS SO ORDERED.**

> s/ Richard Mark Gergel
> Richard Mark Gergel
> United States District Judge

December 1, 2021
Charleston, South Carolina