IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Proctor & Gamble Company, Target Corporation, Walgreen Co., and Wal-Mart, Inc.,<br><br>*Defendants.* | Civil Action No. 2:21-cv-42-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiff's motion for final approval of class action settlement and award of attorneys' fees and expenses. (Dkt. No. 209). For the reasons set forth below, the Court grants Plaintiff's motion.

**Background**

In this putative class action, Plaintiff the Commissioners of Public Works of the City of Charleston, on behalf of itself and all others similarly situated, alleges that Defendants Costco Wholesale Corporation, CVS Health Corporation, The Proctor & Gamble Company, Target Corporation, Walgreen Co., and Walmart Inc. (collectively "Defendants") design, market, manufacture, distribute, and/or sell wipes labeled as "flushable" which are not actually flushable. These wipes allegedly damage sewer systems across the country. Plaintiff brings claims for nuisance, trespass, strict products liability—defective design, strict products liability—failure to warn, and negligence. Plaintiff's original and Amended Complaint seek—in addition to

1

reasonable attorney's fees and costs for class counsel—prospective injunctive relief only.

Plaintiff moved for preliminary approval of settlements reached between itself and the Defendants. (Dkt. Nos. 197 and 198) Attached to the motions were full copies of the Parties' Settlement Agreements. (Dkt. Nos. 197-2, 198-2, 198-3, 198-4, 203-1). The Court granted Plaintiff's motions for preliminary settlement approval. (Dkt. No. 204).

The Court subsequently issued an order regarding the timeline for proposed settlement. (Dkt. No. 206). The Court set forth December 15, 2023, as the deadline for publication of the Notice of Settlement via press release, U.S. mail, email, and website, and further ordered that Notice of Settlement be published in the January 2024 edition of *Water Environment & Technology.* (*Id.*) The Court further ordered that Class Counsel file for final approval of the Settlement Agreement and Class Counsel's application for fees and expenses by January 31, 2024. (*Id.*) A fairness hearing was set for March 8, 2024.

On January 31, 2024, Plaintiff moved for final approval of class action settlement and an award of attorneys' fees and expenses. (Dkt. No. 209). The Court received letters in support of the settlement (Dkt. Nos. 212, 213, 214, and 222) and one objection (Dkt. No. 210). Plaintiff replied to the objection. (Dkt. No. 221).

On March 8, 2024, the Court conducted a hearing for final approval of settlement and an award of attorneys' fees and expenses via teleconference. All Settling Parties were present and represented by counsel.

## Analysis

When a district court preliminarily approves a settlement after a hearing, the proposed settlement enjoys a presumption of fairness. *See Berkley v. U.S.*, 59 Fed. Cl. 675, 681 (2004) ("Settlement proposals enjoy a presumption of fairness afforded by a court's preliminary fairness

determination."); *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995) ("This preliminary determination establishes an initial presumption of fairness...."); *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) (accord); *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (accord); *Gaston v. LexisNexis Risk Sols. Inc.*, No. 516CV00009KDBDCK, 2021 WL 2077812, at *1 (W.D.N.C. May 24, 2021) (accord).

    **1.** Certification of Settlement Class

A settlement class pursuant to Fed. R. Civ. P. 23(b)(2) is hereby certified. The "Settlement Class" is composed of "All STP Operators in the United States whose systems were in operation between January 6, 2018 and the date of preliminary approval [November 21, 2023]." (Dkt. No. 197-2 ¶ 1.23). An "STP Operator" is an entity that "owns and/or operates sewage or wastewater conveyance and treatment systems, including municipalities, authorities, and wastewater districts." (*Id.* at 2).

Further, the Court finds that the Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b) for their proposed classes.

The Court confirms its prior holding that the Rule 23(b)(2) Settlement Class satisfies the numerosity requirement of Rule 23(a)(1) as the number of STP Operators in the United States exceeds, at least, 17,000. *See, e.g., Cypress v. Newport News Gen. and Non-Sectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (stating that a class of 18 members met numerosity requirement).

The Court further confirms its prior holding that the commonality requirement of Rule 23(a)(2) is met. The commonality requirement – at least as it relates to a settlement class – is "not usually a contentious one: the requirement is generally satisfied by the existence of a single issue of law or fact that is common across all class members and thus is easily met in most cases." Conte, 1 NEWBERG ON CLASS ACTIONS 5th § 3:18; *see also Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008) (noting that "[t]he commonality requirement is relatively easy to satisfy") (quoting *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 187 (D. Md. 2003)). As noted by prior order, the Parties have enumerated various common questions which show the requirement is met. *See* (Dkt. No. 98 at 5-6).

The Court also confirms its prior holding that the typicality requirement of Rule 23(a)(3) is met. Typicality requires the class representatives' claims to be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied if the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006). Here, there is a sufficient link between Plaintiff's claims and those of absent class members. Like absent class members, Plaintiff is a STP Operator which has allegedly suffered damages caused by flushable wipes. *See* (Dkt. No. 85 at 24-36) (describing similar alleged harms suffered by STP Operators outside of South Carolina). In sum, Plaintiff and the Settlement Class Members' claims arise out of the same alleged course of conduct by Defendants and are based on identical legal theories.

Further, the Court confirms its prior holding that Plaintiff and their counsel are adequate representatives of the Settlement Class. In reaching this determination, the Court has considered

4

whether Plaintiff will fairly and adequately protect the interests of the class. *Knight v. Lavine*, No. 1:12-CV-611, 2013 WL 427880 at *3, 2013 U.S. Dist. LEXIS 14855 at *9 (E.D. Va. Feb. 4, 2013).

First, the Court confirms the finding that Plaintiff has no interests antagonistic to the interest of other members of the Settlement Class. Moreover, the Settlement Agreement preserves the right of class members to seek monetary damages and non-injunctive relief against Defendants.

Second, the Court confirms its finding that proposed Class Counsel are competent to undertake this litigation. Class Counsel have extensive experience in class actions and in actions of a similar nature. Further, Class Counsel have demonstrated vigorous prosecution of the class claims throughout this litigation. Accordingly, the Court is satisfied that Plaintiff and Class Counsel are adequate representatives of the settlement under Rule 23(a)(4).

The Court further confirms its finding that as to the Settlement Class, Defendants have acted on grounds generally applicable to the class as a whole. Here, the Settlement Agreement treats all settlement class members equally in granting them the benefits of injunctive relief. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2557, 180 L.Ed.2d 374 (2011) ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (citation omitted); *see also Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11-CV-754, 2014 U.S. Dist. LEXIS 124415 at *34 (E.D. Va. Sept. 5, 2014), affirmed by *Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015) ("The Court finds that certification of the Rule 23(b)(2) class in this case is appropriate because the injunctive relief sought is indivisible and applicable to all members of the Rule 23(b)(2)

class.") (citation and internal quotation marks omitted). The proposed class action settlement thus satisfies the elements of Rule 23(b)(2).

      Accordingly, the Court hereby certifies a settlement class as follows:

      Settlement Class: All STP Operators in the United States whose systems were in operation between January 6, 2018 and November 21, 2023.

      Excluded from the Settlement Class are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families.

      2.  Appointment of Class Counsel and Class Representative

Having certified the class under Rule 23(b)(2), and having considered the work Plaintiff's counsel has done in identifying and investigating potential claims in this action, counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and the resources counsel have committed to representing the Settlement Class, the following attorneys are designated Class Counsel under Rule 23(g)(1):

- Robbins Geller Rudman & Dowd LLP; and
- AquaLaw PLC

Plaintiff is appointed Class Representative.

      1.  **<u>Final Approval of Proposed Settlement</u>**

Under Rule 23(e)(1) the Court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). At the preliminary approval stage, the Court made a determination as to the fairness, reasonableness, and adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see also* Manual for Complex Litigation (Fourth) ("MCL"), § 21.632 (4th ed. 2004). The Fourth Circuit has bifurcated this analysis into consideration of the fairness of settlement negotiations and the adequacy of the consideration to the class. *In re Jiffy Lube*

*Secs. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991). At the preliminary approval stage, the Court found that the settlement was within "the range of possible approval." *Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540-MOC-DSC, 2018 U.S. Dist. LEXIS 41908, at *10 (W.D.N.C. Mar. 14, 2018); *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *In Re Mid-Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379, 1384 (D. Md. 1983)).

The Fourth Circuit has set forth the factors to be used in analyzing a class settlement for fairness: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *Jiffy Lube*, 927 F.2d at 158–59.

The Court finds that the settlements reached in this case were the result of a fair process. The Parties here agreed to conserve legal resources to focus on a final resolution of the case after conducting written discovery. Additionally, as outlined in Plaintiff's motion the proposed settlements were the result of extensive communication between the Parties for over two years. This negotiation period followed lengthy negotiations with Kimberly-Clark regarding similar injunctive relief that predated the filing of this lawsuit. Plaintiff states that the Parties participated in mediations and drew on their extensive knowledge of the merits of their respective positions and counsel's involvement in several previous flushable wipes-related actions and the similar Kimberly-Clark settlement while negotiating.

Therefore, while the Settlement Agreement was negotiated before formal discovery was conducted, the Court finds that the Parties' history of litigating similar, if not identical issues, combined with Plaintiff's counsel's extensive experience of the same, indicate the settlement

was negotiated at arm's length. *See In re Lupron Marketing and Sales Practices Litigation*, 228 F.R.D. 75, 94, R.I.C.O. Bus. Disp. Guide (CCH) P 10888 (D. Mass. 2005) ("The storm warnings indicative of collusion are a 'lack of significant discovery and [an] extremely expedited settlement of questionable value accompanied by an enormous legal fee.'") (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 31 Fed. R. Serv. 3d 845 (3d Cir. 1995)).

The Settlement Agreement provides for injunctive relief requiring Defendants to (1) meet certain flushability standards, (2) submit to periodic independent testing, and (3) modifications to the packaging of non-flushable wipes. Additionally, Plaintiff states, and the Court finds, that the substantive terms of the Settlement Agreements are materially similar to the already approved Kimberly-Clark settlement.

The Court finds that the Settlement Agreements are clearly adequate. *See Toyota Antitrust Litigation*, 564 F. Supp. at 1384. In an analysis of the adequacy of a proposed settlement, the relevant factors to be considered may include: (1) the relative strength of the case on the merits, (2) any difficulties of proof or strong defenses the plaintiff and class would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, (5) the degree of opposition to the proposed settlement, (6) the posture of the case at the time settlement was proposed, (7) the extent of discovery that had been conducted, (8) the circumstances surrounding the negotiations, and (9) the experience of counsel in the substantive area and class action litigation. *See Jiffy Lube*, 927 F.2d at 159; *West v. Cont'l Auto., Inc.*, No. 3:16-cv-00502, 2018 WL 1146642 at *4, 2018 U.S. Dist. LEXIS 26404 at *10 (W.D.N.C. Feb. 5, 2018).

Plaintiff argues that continued litigation against the settling Defendants poses substantial risks that make any recovery uncertain and that the immediacy and certainty of obtaining injunctive relief weigh in favor of finding the proposed settlement as adequate. Further, the Court observes that the injunctive relief provided against Defendants in the Settlement Agreements mirror significant portions of the relief which Plaintiff affirmatively seeks in its Amended Complaint. In sum, the likelihood of substantial future costs weighed against the uncertainty of further litigation favors approving the proposed settlement. *See Sims v. BB&T Corp.*, No. 1:15-cv-732, 2019 WL 1995314, at *4-5 (M.D.N.C. May 6, 2019).

The Court received a single objection to the Settlement Agreement. Anne Arundel County, Maryland filed an objection with the Court whereby it expressed discontent with the fact it could not "opt-out" of the proposed settlement. (Dkt. No. 210 at 2 (requesting that "the proposed settlement not be approved because there is not an opportunity to opt-out")). Anne Arundel County does not substantively dispute, however, that no opt-out mechanism exists as to Rule 23(b)(2) classes. *Berry v. Schulman*, 807 F.3d 600, 612 (4th Cir. 2015) ("[T]he premise behind certification of mandatory classes under Rule 23(b)(2) is that because the relief sought is uniform, so are the interests of class members, making class-wide representation possible and opt-out rights unnecessary."). Anne Arundel County further objects that the Settlements fall short of the injunctive relief required to remedy Defendants' conduct. (Dkt. No. 210 at 2). Anne Arundel County did not, however, specify how or in what way the relief is inadequate, nor does it specify different injunctive relief that would satisfy its purported concerns.

By contrast, the Court received various letters of support for the Settlement Agreement. (Dkt. Nos. 212, 213, 214, and 222).

9

The Court finds that Anne Arundel County's objection does not warrant disapproval of the Settlement Agreements and overrules the objection.

2. Notice for The Proposed Settlement Class

As outlined in the Settlement Agreements, "Notice" consisted of the following: (1) First-Class direct mailed notice to the publicly owned sewage treatment plant operators located in the United States as of November 21, 2023; (2) Publication of a Summary Notice of one-half page in size once in both the print and online editions of the Water Environment Federation's magazine *Water Environment & Technology*; (3) Transmittal by email of the Notice of Settlement to roughly 23 national and local water organizations; (4) a Settlement website; (5) Publication of a Summary Notice via press release issued by the Parties; and (6) notice of the Proposed Settlement to federal and state officials as required by the Class Action Fairness Act of 2005.

As confirmed at the Court's March 8, 2024, hearing, Plaintiff satisfied all Notice requirements. The Court finds that the notice plan set forth in the Settlement Agreements constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of (a) the pendency of the litigation; (b) certification of the Settlement Class; (c) the existence and terms of the Settlement Agreements; (d) Settlement Class Members' rights to make claims, or object; and (e) the matters to be decided at Final Approval hearing. Further, the notice plan satisfied the due process requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, notice was proper.

3. **Award of Attorneys' Fees and Costs**

Regarding attorneys' fees and expenses in connection with this Rule 23(b)(2) settlement, Class Counsel has requested a total award of $1,900,000.00—consisting of $1,859,691.77 in attorneys' fees and $ 40,308.23 in actual expenses (including Court costs). The Court received

no objections to Class Counsel's request for this award. A review of the *Barber* factors that are discussed at length in the Plaintiff's motion, demonstrates that the proposed award is reasonable and should be approved. With respect to the time and labor required, Plaintiffs' counsel invested more than two thousand hours toward successful resolution of this action as between the Parties and the issues presented in the litigation were difficult and complex, as explained *supra*. Given the complexity of the factual and legal issues presented in this case, the preparation, prosecution, and settlement of this case required significant skill and effort on the part of Plaintiff's counsel. Accordingly, the Court grants Class Counsel's request for an award of attorneys' fees and costs.

## Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement and an award of attorneys' fees. (Dkt. No. 209). The Parties are **ORDERED** to continue to effectuate the Settlement Agreements in accordance with their terms.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

March 8, 2024
Charleston, South Carolina