UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| COMMISSIONERS OF PUBLIC WORKS OF THE CITY OF CHARLESTON (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, KIMBERLY-CLARK CORPORATION, THE PROCTER & GAMBLE COMPANY, TARGET CORPORATION, WALGREEN CO. and WAL-MART, INC.,<br><br>Defendants. | Civil Action No. 2:21-CV-00042<br><br>CLASS ACTION<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL OF COSTCO WHOLESALE CORPORATIONS, CVS HEALTH CORPORATION, KIMBERLY-CLARK CORPORATION, THE PROCTER & GAMBLE COMPANY, TARGET CORPORATION, WALGREEN CO. AND WAL-MART, INC. WITH PREJUDICE** |

This matter is before the Court pursuant to the orders granting the motions for preliminary approval of Class Action Settlements with Costco Wholesale Corporation, CVS Health Corporation, Kimberly-Clark Corporation, The Procter & Gamble Company, Target Corporation, Walgreen Co., and Walmart Inc. ("Defendants") ("Notice Orders") dated October 4, 2021, and November 21, 2023, on the applications of the Plaintiff, the Settlement Classes and Defendants (together "the Parties") for final approval of the Settlements set forth in the Stipulations dated April 21, 2021, July 13, 2023, October 11, 2023, October 26, 2023, together with an Addendum dated November 20, 2023 ("Stipulations"). Due and adequate notice having been given to the

Settlement Classes as required in the Notice Orders, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Stipulations, and all terms used herein shall have the same meanings as set forth in the Stipulations, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all the Parties to the Settlements, including all members of the Settlement Classes.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Orders and finally certifies for purposes of settlement only the Settlement Classes defined as:

    (a) "All entities that own[ed] and/or operate[d] sewage or wastewater conveyance and treatment systems, including municipalities, authorities and wastewater districts in the United States between January 6, 2018 and October 4, 2021."

    (b) "All entities that own[ed] and/or operate[d] sewage or wastewater conveyance and treatment systems, including municipalities, authorities and wastewater districts in the United States between January 6, 2018 and November 21, 2023."

    (c) Excluded from the Settlement Classes are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families.

4. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Stipulations and Settlements are fair, reasonable, and adequate as to each of the Settling Parties, and that the

Stipulations and Settlements are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform their terms.

5. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulations, as well as the terms and provisions hereof. The Court hereby dismisses the Action and all Plaintiff's Released Claims with prejudice, without costs as to any of the Released Parties or Released Persons, except as and to the extent provided in the Stipulations and herein.

6. Upon the Effective Date hereof, and as provided in the Stipulations, Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Defendants and their present, former, and future, direct and indirect, parents, subsidiaries, affiliates, assigns, divisions, predecessors, licensees, insurers, and successors, and all of their respective officers, agents, administrators, and employees, and Defense Counsel of and from all Plaintiff's Released Claims (including, but not limited to, Unknown Claims (as defined in the Stipulations)).

7. Upon the Effective Date hereof, if applicable and as provided in the Stipulations, Defendants Costco Wholesale Corp., CVS Health Corp., Kimberly-Clark Corp., Target Corp., Walgreen Co., and Wal-Mart, Inc., and their subsidiaries, affiliates, and all of their respective officers and employees, shall be deemed to have, and by operation of this Final Judgment, shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Settlement Class Members, and Class Counsel from all Defendants' Released Claims (including, but not limited to, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution or settlement of the Action.

8. Upon the Effective Date hereof, and as provided in the Stipulation with The Procter & Gamble Company, Plaintiff, Class Counsel, The Procter & Gamble Company, and Defense Counsel shall be deemed to have, and by operation of this Final Judgment, shall have, fully, finally, and forever released, relinquished, and discharged each other from any and all claims relating in any way to any party or counsel's conduct in the Action as provided in paragraph 4.1 of the Stipulation.

9. The Notice given to the Settlement Classes in accordance with the Notice Order was appropriate under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlements set forth in the Stipulations, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23(e) and due process.

10. Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11. Neither the Stipulations nor the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulations or the Settlements: (a) are or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any Released Party or Released Person; or (b) are or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or Released Person, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any Released Party or Released Person may file any of the Stipulations and/or this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles

of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of the Settlements; (b) hearing and determining applications for attorneys' fees and expenses in the Action; and (c) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulations.

13. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

14. In the event that the Settlements do not become effective in accordance with the terms of the Stipulations, or the Effective Date does not occur, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulations and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulations.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulations.

16. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

**IT IS SO ORDERED**.

April 4, 2024

s/ Richard Mark Gergel
THE HONORABLE RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE